J-S59013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MONTANA BELL, | : | |
| | : | |
| Appellant | : | No. 2836 EDA 2013 |

Appeal from the Judgment of Sentence Entered August 15, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0012776-2011.

BEFORE: SHOGAN, J., LAZARUS, J. and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 26, 2014**

Appellant, Montana Bell, appeals from the judgment of sentence entered following his conviction of one count of third degree murder, one count of Violating the Uniform Firearms Act ("VUFA"), and one count of possession of an instrument of crime ("PIC"). We affirm.

The trial court summarized the facts of this case as follows:

These charges arose out of an incident that occurred on July 11, 2011, at approximately 11:45 p.m. Appellant and the decedent, Kim Davis ("Davis"), were engaged in an ongoing argument over prescription pills and money. Davis and Appellant met up that night and continued their argument at the corner of Patton and Allegheny Streets, outside Davis's home. During the argument, Appellant hit Davis, knocking her to the ground. Davis got back up to her feet and reached for the hammer she carried around the neighborhood for protection but before she could get the hammer out, Appellant shot her. Davis

_____
*Retired Senior Judge assigned to the Superior Court.

was shot twice in the head and neck area but suffered three (3) gunshot wounds. Davis was shot in her right cheek and the bullet exited her left cheek, hitting the left upper cervical spine causing a spinal cord injury. Davis was shot in her neck, behind her right ear, causing injury to her right temporal lobe. Davis's third gunshot wound was to her left forearm and appeared to be a reentry from having her forearm near either her cheek or her neck at the time she was shot.

Officer James Russell ("Officer Russell") and his partner, James Somerville ("Officer Somerville") noticed a job pending at Patton & Allegheny Streets and responded over police radio that they would handle the job. Upon arrival, they were flagged down by a woman on the street who stated that there was a woman, later identified as Davis, lying on the ground. Both Officers Russell and Somerville got out of the patrol car and approached Davis, who was laying on her stomach. The officers rolled Davis over on her back and noticed a large amount of blood coming from her head. When asked if she knew who shot her, Davis was unresponsive. Davis was breathing but was having difficulty speaking because blood was coming from her mouth. Other officers arrived shortly after and helped Officers Russell and Somerville carry Davis to Russell and Somerville's patrol car. Officers Russell and Somerville rushed Davis to Temple University Hospital and remained at the hospital with Davis. Davis was pronounced dead at 12:01 a.m. on July 12, 2011. Davis was transported to the Medical Examiner's Office where an autopsy was performed which determined that the cause of death was two (2) gunshot wounds to the face and neck and the manner of death was homicide.

Trial Court Opinion, 3/4/14, at 2-3.

The trial court provided the following procedural history of this case:

On June 21, 2013, Appellant, Montana Bell, was found guilty, [by a jury], of one (1) count of third degree murder, a felony of the first degree; one (1) count of Violating the Uniform Firearms Act ("VUFA") § 6108, a misdemeanor of the first degree; and, one (1) count of Possession of an Instrument of Crime ("PIC"), a misdemeanor of the first degree. On August 15, 2013, [the trial court] sentenced Appellant to twenty to forty

(20-40) years for the 3rd degree murder conviction, two and one-half to five ($2^{1}/_{2}$ - 5) years incarceration for the VUFA conviction, and two and one-half to five ($2^{1}/_{2}$ - 5) years incarceration for PIC. All convictions are to run consecutively, for a cumulative sentence of twenty-five to fifty (25-50) years incarceration.

On September 11, 2013, Appellant filed a timely Notice of Appeal. On November 12, 2013, after ascertaining that all notes of testimony were available, [the trial court] pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), ordered Appellant to file a self-contained and intelligible statement of matters complained of on appeal. On December 2, counsel filed a 1925(b) statement of matters complained of on appeal to [the trial court].

Trial Court Opinion, 3/4/14, at 1-2. The trial court prepared an opinion pursuant to Pa.R.A.P. 1925(a) based on the issues outlined in Appellant's Pa.R.A.P. 1925(b) statement. *Id.* at 1-9.

Appellant presents the following issues for our review in his appellate brief:

I. Is [Appellant] entitled to an arrest of judgment on all charges, including Murder in the Third Degree and Related Weapons Offenses, where the evidence was insufficient to sustain the verdict?

II. Is [Appellant] entitled to a new trial where the verdict was not supported by the greater weight of the evidence, and where the verdict was based on speculation, conjecture and surmise?

Appellant's Brief at 3.

We begin our analysis by considering whether Appellant's issues raised in his appellate brief are waived. As noted, Appellant was directed to file a

Pa.R.A.P. 1925(b) statement in this case and he timely complied. In that

Pa.R.A.P. 1925(b) statement, Appellant outlined the following issues:

    1. It was error to admit certain ballistic evidence, to the prejudice of the defendant. Notes of Testimony, June 20, 2013, pp 59, 15-54.

    2. It was error to admit testimony about alleged automobile theft, assault, and pills, to the prejudice of the defendant. Notes of Testimony, June 17, 2013, pp 13-17, Notes of Testimony, June 19, 2013, pp 66-100.

    3. It was error to admit hearsay evidence, to the prejudice of the defendant, relative to identification of the defendant. Notes of Testimony, June 18, 2013, pp 123-124.

    4. It was error to disallow cross-examination relative to a "deal" made by a witness to testify against the defendant, to the prejudice of the defendant. Notes of Testimony, June 18, 2013, pp 131-132.

    5. It was error to allow testimony, to the prejudice of the defendant, that "others" knew that the defendant had been arrested. Notes of Testimony, June 18, 2013, p 189.

Appellant's Statement of Matters Complained of pursuant to Rule of Appellate Procedure 1925(b), 12/2/13, at 1-2. Consequently, in its Pa.R.A.P. 1925(a) opinion, the trial court addressed the above-referenced issues outlined in Appellant's Pa.R.A.P. 1925(b) statement.

Issues not included in a Rule 1925(b) statement are deemed waived. Pa.R.A.P. 1925(b)(4)(vii). Our Supreme Court has stated the following regarding preservation of issues in a Pa.R.A.P. 1925(b) statement:

        Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule,

which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule.  We yet again repeat the principle first stated in [**Commonwealth v.**] **Lord**[, 719 A.2d 306 (Pa. 1998)] that must be applied here:  "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."

**Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (internal footnote and citations omitted).  "[W]aiver under Rule 1925 is automatic." **Commonwealth v. Butler**, 812 A.2d 631, 633 (Pa. 2002).  Accordingly, because Appellant has failed to preserve the issues raised in his appellate brief by including them in his Pa.R.A.P. 1925(b) statement, we find these issues waived.

Additionally, to the extent that Appellant claims that the verdict was not supported by the weight of the evidence, we conclude that this issue also is waived on a second basis.  "[A] challenge to the weight of the evidence must be raised with the trial judge or it will be waived." **Commonwealth v. Gillard**, 850 A.2d 1273, 1277 (Pa. Super. 2004).  In

order to preserve a weight of the evidence claim, it must be raised either prior to sentencing in front of the trial court or after sentencing in a post sentence motion. Pa.R.Crim.P. 607(A).

Instantly, Appellant failed to raise, prior to sentencing or in a post-sentence motion, his claim regarding weight of the evidence. Rather, Appellant raised the issue for the first time in his appellate brief. Thus, in addition to these claims being waived as a result of not being included in the Pa.R.A.P. 1925(b) statement, Appellant's weight of the evidence claim is also waived due to his failure to preserve it by raising it with the trial court.

Because Appellant has failed to preserve the issues he raised in his appellate brief, we conclude that those issues are waived. As such, we are precluded from reviewing the merits of those claims and affirm Appellant's judgment of sentence. *See In re K.L.S.*, 934 A.2d 1244, 1246 n.3 (Pa. 2007) (stating where issues are waived on appeal, we should affirm rather than quash appeal).

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2014

-6-