J-S08032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JUMAR ANTHONY THOMPSON | : | |
| | : | |
| Appellant | : | No. 921 WDA 2016 |

Appeal from the Judgment of Sentence April 20, 2016
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0001068-2015

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and SOLANO, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED FEBRUARY 24, 2017**

Appellant, Jumar Anthony Thompson, appeals from the judgment of sentence entered in the Beaver County Court of Common Pleas, following his jury trial convictions for firearms not to be carried without a license and knowing or intentional possession with intent to distribute, or possession of a designer drug, and his bench trial conviction for careless driving.[1] We affirm.

In its June 16, 2016 Memorandum Opinion and Order, the trial court fully and correctly set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

_____

[1] 18 Pa.C.S.A. § 6106(a)(1); 35 P.S. § 780-113(a)(36); 75 Pa.C.S.A. § 3714, respectively.

Appellant raises two issues for our review:

WHETHER THE WEIGHT OF THE EVIDENCE WAS NOT SUFFICIENT TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT IS GUILTY OF THE CRIME[S] ALLEGED?

WHETHER THE EVIDENCE WAS NOT SUFFICIENT TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT IS GUILTY OF THE CRIME[S] ALLEGED?

(Appellant's Brief at 7).[2]

As a preliminary matter, generally, a challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607. The Rule provides:

**Rule 607. Challenges to the Weight of the Evidence**

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3). "As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." ***Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa.Super. 2004), *appeal denied*, 581 Pa. 672, 863 A.2d 1143 (2004). An appellant's failure to avail

_____

[2] Appellant does not challenge his careless driving conviction on appeal.

himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim, even if the trial court responds to the claim in its Rule 1925(a) opinion. *Commonwealth v. Burkett*, 830 A.2d 1034 (Pa.Super. 2003).

Instantly, following trial, Appellant filed a *pro se* pre-sentence "Motion To Arrest Judgment" on April 4, 2016. In his lengthy motion, Appellant discussed the testimony/evidence presented at trial and concluded the Commonwealth had failed to satisfy the elements necessary to sustain his convictions. Appellant sought reversal of his convictions and discharge. Although Appellant's motion primarily challenged the sufficiency of the evidence, Appellant also attacked the credibility of the Commonwealth's witness, John Corso, and asserted the verdict was against the weight of the evidence. Because Appellant was represented by counsel, the Clerk of Courts forwarded the *pro se* motion to defense counsel. *See* Pa.R.Crim.P. 576(A)(4) (explaining that in any case where defendant is represented by counsel and submits *pro se* filing, Clerk of Courts shall accept document for filing and forward copy of it to defense counsel and Commonwealth within 10 days); *Commonwealth v. Ellis*, 534 Pa. 176, 626 A.2d 1137 (1993) (holding there is no constitutional right to hybrid representation at trial or on appeal).

Appellant appeared for sentencing on April 20, 2016. At the sentencing hearing, Appellant asked the court about the status of his *pro se*

pre-sentence motion. The court informed Appellant it could not decide his *pro se* motion because Appellant had submitted the motion while he was represented by counsel. The court asked counsel if he had reviewed the *pro se* motion, and counsel responded affirmatively. Counsel indicated he would discuss any post-sentence/appellate issues with Appellant following sentencing. The court then directed Appellant and counsel to meet with each other following sentencing to discuss any issues Appellant wanted to pursue in post-sentence motions and/or on appeal. The court subsequently sentenced Appellant and advised Appellant of his post-sentence and appellate rights.

On April 26, 2016, Appellant timely filed a counseled post-sentence motion, alleging:

> (a) The Commonwealth did not present sufficient evidence to prove beyond a reasonable doubt all of the elements of the offenses for which he was convicted.
>
> (b) [Appellant] argues that the [c]ourt erred in the denial of his Suppression Motion.
>
> (c) [Appellant] argues that the Commonwealth failed to establish beyond a reasonable doubt all of the elements of the offenses for which he was convicted.

(Appellant's Post-Sentence Motion, filed April 26, 2016, at 1-2). Appellant sought relief in the form of a new trial. Notwithstanding his request for a new trial only, and not an arrest of judgment, Appellant's post-sentence motion included challenges to the sufficiency of the evidence and the court's pre-trial suppression ruling, but not the weight of the evidence. ***See***

- 4 -

*Commonwealth v. Widmer*, 560 Pa. 308, 318-320, 744 A.2d 745, 751-752 (2000) (explaining differences between challenge to weight of evidence versus sufficiency of evidence; distinction is critical; evidence is sufficient to support verdict when it establishes each material element of crime charged and commission of crime by accused beyond reasonable doubt; remedy for successful challenge to sufficiency of evidence is judgment of acquittal; challenge to weight of evidence concedes there is sufficient evidence to sustain verdict; remedy for successful challenge to weight of evidence is new trial); *Commonwealth v. Wilson*, 825 A.2d 710 (Pa.Super. 2003) (explaining sufficiency of evidence review does not include assessment of credibility, which is more properly characterized as challenge to weight of evidence). Appellant's failure to preserve his weight claim properly in his counseled post-sentence motion constitutes waiver of the weight claim on appeal.[3] *See* Pa.R.Crim.P. 607; *Gillard, supra*.

Moreover, even if successfully preserved, Appellant's weight claim would merit no relief. When examining a challenge to the weight of the evidence, our standard of review is as follows:

_____

[3] To the extent Appellant's attack on Mr. Corso's testimony in his *pro se* pre-sentence motion sought to challenge the weight of the evidence, the record makes clear the court informed Appellant it could not review the *pro se* motion while Appellant was represented by counsel and directed Appellant to discuss with counsel any issues he wanted to pursue in post-sentence motions or on appeal. Appellant appears to have abandoned the weight claim in his post-sentence motions, notwithstanding the form of relief requested.

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted). A "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings."

***Commonwealth v. Rivera***, 603 Pa. 340, 363, 983 A.2d 1211, 1225 (2009), *cert. denied*, 560 U.S. 909, 130 S.Ct. 3282, 176 L.Ed.2d 1191 (2010).

Here, the trial court explained:

> Had Appellant filed a timely challenge to the weight of the evidence, this [c]ourt would not have granted relief.
>
> *       *       *
>
> The undersigned presided over the jury trial and observed all evidence and testimony presented to the jury, as summarized in the [c]ourt's Memorandum Opinion dated June 16, 2016. The jury's verdict was not contrary to the weight of the evidence presented and the verdict did not shock this [c]ourt's sense of justice.

(Rule 1925(a) Opinion, filed July 15, 2016, at 3). So, even if Appellant had

properly preserved his challenge to the weight of the evidence, it would nevertheless fail.

With respect to Appellant's challenge to the sufficiency of the evidence, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Richard Mancini, we conclude Appellant's second issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of that question. (**See** Memorandum Opinion and Order, filed June 16, 2016, at 6-8) (finding: evidence showed Appellant rented vehicle from John Corso on morning of May 10, 2015, at which time vehicle was empty; when Sergeant Walton stopped Appellant driving that evening, Appellant was sole occupant of vehicle; Sergeant Walton observed, in plain view, drug paraphernalia and loose vegetable matter that appeared to be marijuana, which indicated drug use in vehicle; Sergeant Walton also observed duffel bag on front passenger floor; search of duffel bag revealed 61 individually sealed packages of synthetic marijuana and handgun; Appellant was not licensed to carry handgun; Appellant had over $600.00 cash on his person; Commonwealth presented sufficient evidence to prove Appellant constructively possessed handgun and synthetic marijuana, which was enough to sustain Appellant's convictions). Regarding Appellant's challenge to the sufficiency of the evidence, we affirm on the basis of the trial court's June 16, 2016 opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2017