J-S17009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID P. DILIBERTO, | |
| Appellant | No. 2477 EDA 2017 |

Appeal from the Judgment of Sentence Entered June 19, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005503-2016

BEFORE: BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED JUNE 1, 2018**

Appellant, David P. Diliberto, appeals from the judgment of sentence of one year of probation, imposed after he was convicted of simple assault. Appellant solely challenges the sufficiency of the evidence to sustain his conviction for that offense. We affirm.

The trial court summarized the facts of this case, as follows:

> This criminal matter arises from a verbal and physical altercation [that] occurred between [Appellant] and Shelby Krasausky on July 15, 2016. [Appellant] and the victim are a married couple with one (1) minor child. At the time of this incident, [Appellant] and Shelby Krasausky resided with [Appellant's] parents at a house in Lansdale.

> Shelby Krasausky arrived home at the Diliberto house on the evening of July 15, 2016[,] and thereafter[,] a verbal argument with her husband ensued. The evidence produced at [t]rial indicated that the argument escalated into a physical altercation. Ms. Krasausky admitted that she at one point bit

down on [Appellant's] hand. The credible evidence indicated that [Appellant] then physically struck the victim above the right eye.

At [t]rial, the Commonwealth produced … photographs identified as Exhibits C2 through C5. The photographs clearly evidenced injury to Ms. Krasausky's forehead. Her forehead was swollen. According to the victim, she was struck in the head by a phone.

After the physical altercation, [Appellant] requested that his wife leave the premises. She was put out onto the street in the middle of the night without a cell phone and without any house or car keys. Shelby Krasausky eventually walked to the Lansdale Borough Police Department, which was located just a few blocks away.

Trial Court Opinion (TCO), 9/11/17, at 1-2.

Appellant was subsequently arrested and charged with simple assault, graded as a misdemeanor of the second degree, as well as the summary offense of harassment. He proceeded to a non-jury trial on June 19, 2017, at the close of which he was convicted of simple assault, but acquitted of harassment. The court sentenced him that same day to a one-year term of probation with domestic violence counseling. The court also ordered that Appellant have no "offensive contact with the victim." *Id.* at 1.

Appellant filed a timely post-sentence motion, which the court denied. He then filed a timely notice of appeal, and he also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court issued a Rule 1925(a) opinion on September 11, 2017. Herein, Appellant raises one issue for our review:

Whether the evidence presented at trial was insufficient as a matter of law to establish beyond a reasonable doubt that [] Appellant committed the crime of [s]imple [a]ssault, where the [t]rial [c]ourt completed [*sic*] ignored the [c]haracter [e]vidence

presented by Appellant, and the trial court committed an error of law and abuse of discretion in finding [Appellant] guilty of the crime charged.

Appellant's Brief at 4.

Appellant purports to challenge the sufficiency of the evidence to sustain his simple assault conviction. His sole argument in support is that "the trial court completely disregarded the [c]haracter [e]vidence presented by [] Appellant." *Id.* at 7. More specifically, Appellant complains that in its opinion, the trial court states that he did not present any character evidence, but at trial, the parties stipulated that Appellant's father would testify that he "knows people in the community who know [Appellant,]" and "among those people, [Appellant] has a good reputation for being a peaceful, honest, law-abiding person." N.T. Trial, 6/18/17, at 73-74. Appellant contends that the trial court's ignoring this character evidence warrants either a new trial, or a judgment of acquittal. *See* Appellant's Brief at 11.

Appellant's argument is not a challenge to the sufficiency of the evidence. Notably, he does not identify any element of the offense of simple assault that the Commonwealth failed to prove. Instead, he contends that the court failed to properly weigh (or weigh at all) the evidence of his good character. This argument clearly constitutes a challenge to the weight of the evidence, not its sufficiency. Our review of the record reveals that Appellant failed to present a weight-of-the-evidence claim in his post-sentence motion, and he does not point to where in the record he orally raised such a claim with the trial court before his sentence was imposed. *See* Pa.R.Crim.P. 607(A) ("A

claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion."). Consequently, Appellant's argument is waived for our review. *See Commonwealth v. Gillard*, 850 A.2d 1273, 1277 (Pa. Super. 2004) (holding that the failure to raise a weight-of-the-evidence claim as Rule 607 dictates "compels this Court to find the issue waived, even if it was ultimately addressed by the trial court in its Rule 1925(a) opinion.") (citation omitted).

Nevertheless, even if preserved, we would deem Appellant's weight claim meritless. We recognize that,

> [a] claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Houser*, 18 A.3d 1128, 1135-36 (Pa. 2011) (citations and internal quotation marks omitted).

Here, Appellant's entire argument that the court ignored his character evidence is premised on a mere misstatement by the trial court in its Rule 1925(a) opinion. **See** TCO at 4 (declaring that "the defense produced no character evidence at [t]rial"). The fact that the court made an incorrect statement in its opinion - drafted two months after Appellant's trial - does not necessarily demonstrate that, in reaching its verdict, the court failed to consider the stipulation that Appellant's father would have testified as to his reputation for peacefulness, honesty, and law-abidingness. Indeed, at trial, the court accepted the stipulation, **id.** at 74, and defense counsel reiterated several times during his closing argument that the character evidence cast a reasonable doubt on Appellant's guilt, **id.** at 74, 76, 78. Nothing in the record prior to, or at the time of, the court's verdict indicates that the court ignored the character evidence.

Moreover, even if the court *did* disregard this evidence, it was entitled to do so. The court, sitting as the fact-finder in this case, was "free to believe all, part, or none of the evidence and to determine the credibility of the witnesses…." **Commonwealth v. Houser**, 18 A.3d 1128, 1136 (Pa. 2011). As the trial court explains in its opinion, it

> found that the testimony of Shelby Krasausky was credible, and that the testimony produced by [Appellant] … was not credible. Although Ms. Krasausky was a reluctant witness at [t]rial, her testimony was consistent with statements she made to the police on the night of the incident. Her testimony was also consistent with the physical injuries depicted in the photographs taken on the night of the incident. Conversely, [Appellant's] testimony was not believable. [Appellant] attempted to imply that his wife's physical injuries were self-inflicted.

- 5 -

The Commonwealth also produced the testimony of Officer Daniel Gallagher from the Lansdale Borough Police Department. Officer Gallagher's testimony further supported Ms. Krasausky's version of events. His investigation report confirmed the injury of swelling above the victim's right eye.

TCO at 2. Additionally, later in its opinion, the trial court reiterated that,

[t]he photographs … clearly depict an injury on the forehead of Shelby Krasausky just above her right eye. The location of the swollen forehead is consistent with the description of the incident relayed by Ms. Krasausky to the local police. The incident was promptly reported to the Lansdale Borough Police Department who then contemporaneously memorialized the statements of the interested parties.

The [t]rial [c]ourt ultimately found that the version of events relayed by Shelby Krasausky was more credible than the version of events espoused by [Appellant]. Accordingly, the [l]ower [c]ourt record establishes beyond a reasonable doubt that [Appellant] was guilty of the crime of [s]imple [a]ssault.

*Id.* at 3-4.

Clearly, the trial court found Appellant's version of events not credible, despite that he presented evidence of his good character. The court instead believed Shelby Krasausky's testimony because it was supported by photographic evidence and statements she made to police on the night of the incident. As the record supports the court's credibility determinations, we would find Appellant's weight-of-the-evidence challenge meritless, even had he preserved it for our review.

Judgment of sentence affirmed.

Judge Kunselman joins this memorandum.

Judge Lazarus files a concurring memorandum in which Judge Kunselman joins.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/1/18</u>