J-S33005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DENNIS MICHAEL HANNAN | : | |
| | : | |
| Appellant | : | No. 3818 EDA 2017 |

Appeal from the Judgment of Sentence October 31, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003328-2017

BEFORE: OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.: **FILED AUGUST 31, 2018**

Dennis Michael Hannan appeals from the judgment of sentence of two years of probation, which was imposed after the trial court, in a non-jury trial, convicted him of theft by unlawful taking of movable property.[1] We affirm.

> On March 15, 2017, [Colleen] Hanna met [Hannan], whom she befriended through Facebook, for drinks at a restaurant in Conshohocken, Montgomery County, Pennsylvania[.] N.T., [10/31/2017], p. 7, 8[]. After having a few drinks each, Ms. Hanna and [Hannan] went to a club before arriving at the home of Ms. Hanna's friend in Conshohocken later that night. *Id.* at 8, 9, 10. Ms. Hanna left her car at the restaurant, and [Hannan] drove her to the club and then to her friend's home. *Id.* at 9, 10. Later, [Hannan] agreed to drive Ms. Hanna back to her car. *Id.* at 10. Because someone else parked behind [Hannan]'s car in the driveway, Ms. Hanna volunteered to move the car so she and [Hannan] could leave. *Id.* Ms. Hanna moved the car, and then went inside the home to return the keys to the car she moved.

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3921(a).

*Id.* at 12. By the time Ms. Hanna walked outside to leave with [Hannan], he was gone. *Id.* Ms. Hanna attempted to contact [Hannan] via phone calls and text messages. *Id.* [Hannan] drove away with several of Ms. Hanna's personal possessions, including a suede faux fur jacket, a Dooney and B[o]urke handbag, and car keys. *Id.* at 12, 13, 19-20. Inside the handbag, Ms. Hanna had radiation goggles, two radiation dosimeter badges, and her work identification card. *Id.* at 13, 14. The value of Ms. Hanna's personal possessions calculated to approximately $1,300. *Id.* at 12, 13, 14, 20. Sometime before four o'clock in the morning, Ms. Hanna contacted police to report her stolen possessions. *Id.* at 12. [Hannan] only answered one of Ms. Hanna's phone calls - he disclosed to her, at four o'clock in the morning, that he was in Kensington, which is a neighborhood within Philadelphia. *Id.*

Matthew Bahn, an officer with the Conshohocken Borough Police Department, responded to Ms. Hanna's call on March 15 and reported to the home of Ms. Hanna's friend in Conshohocken. *Id.* at 21, 22. He met with Ms. Hanna, who described how [Hannan] left with her personal possessions in his car.[1] *Id.* at 22. Officer Bahn called [Hannan] several times, and left voicemails, but received no response from [Hannan]. *Id.* at 23, 24. When he called [Hannan], Officer Bahn could tell that "the phone would ring at various lengths" and, on one occasion, "the call waiting tone was audible." *Id.* at 23. Officer Bahn patrolled by [Hannan]'s home "to see if he would arrive home." *Id.* at 24. [Hannan] did not return home. *Id.* at 25. It was not until March 17, 2017 that Norristown Police Department found [Hannan]'s car at a motel. *Id.* at 25-26, 28. Officer Bahn recovered Ms. Hanna's personal possessions from inside [Hannan]'s car. *Id.* at 26. He later arrested [Hannan] on March 29, 2017. *Id.* at 27.

[1] Ms. Hanna told Officer Bahn that she went to look for [Hannan] at his home in Conshohocken, but called police after she spoke with Christine Bertino, [Hannan]'s girlfriend. *Id.* at 23.

[Hannan was charged with one count of theft by unlawful taking or disposition, a misdemeanor of the first degree.]

\* \* \*

[Hannan] waived his right to a jury trial, and proceeded with a bench trial . . . on October 31, 2017. *Id.* at 4-5. [Hannan] testified at trial. [Hannan] explained how he suffers from alcoholism, and was in recovery when he met Ms. Hanna for drinks

on March 15. *Id.* at 33. [Hannan] admitted he drank at the restaurant that night, but does not remember leaving the restaurant with Ms. Hanna. *Id.* at 34. In fact, [Hannan] did not remember anything that occurred that night except meeting Ms. Hanna for drinks. *Id.* Although [Hannan] had a limited recollection of his whereabouts on March 15, he did "remember waking up in a motel in Norristown" the next day. *Id.* at 34, 35. He called police, and requested that they transport him to a hospital. *Id.* at 35. He was hospitalized up until March 29 when Officer Bahn arrested him. *Id.* at 35, 36, 38.

Immediately following the bench trial, [the trial judge] found [Hannan] guilty of one count of theft by unlawful taking or disposition[.]

Trial Court Opinion, 12/28/2017, at 1-3. Hannan did not make any motions on the record between his conviction and the beginning of the sentencing hearing, including no challenges to the weight of the evidence or motions for a new trial. N.T., 10/31/2017, at 43. The trial court sentenced Hannan to two years of probation. This appeal followed.[2]

Hannan raises the following issues on appeal:

I.    Was the verdict against the weight of evidence?

II.   Was the evidence insufficient to support the guilty verdict?

Hannan's Brief at 6.

As a preliminary matter, generally, a challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607. The Rule provides:

---

[2] On November 28, 2017, the trial court ordered Hannan to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Hannan complied on December 7, 2017. On December 28, 2017, the trial court entered an opinion pursuant to Pa.R.A.P. 1925(a).

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3). "As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." ***Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa. Super. 2004).

The fact that [an a]ppellant included an issue challenging the verdict on weight of the evidence grounds in his 1925(b) statement and the trial court addressed [the a]ppellant's weight claim in its Pa.R.A.P 1925(a) opinion d[oes] not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion.

***Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009); ***accord In re Estate of Smaling***, 80 A.3d 485, 491 n.2 (Pa. Super. 2013) (*en banc*) ("the inclusion of a weight claim in an appellant's Rule 1925(b) statement did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion, even where the trial court addressed the appellant's weight claim in its Pa.R.A.P. 1925(a) opinion").

Instantly, Hannan failed to challenge the weight of the evidence before the trial court in a motion for a new trial. ***See*** N.T., 10/31/2017, at 43; Pa.R.Crim.P. 607. Rather, Hannan raised his weight claim for the first time in his concise statement. ***See Sherwood***, 982 A.2d at 494; ***Smaling***, 80 A.3d

at 491 n.2. Therefore, his first issue on appeal is waived. *See* Pa.R.Crim.P. 607; *Sherwood*, 982 A.2d at 494; *Smaling*, 80 A.3d 485, 491 n.2.

Next, Hannan challenges the sufficiency of the evidence to support his conviction of theft. Theft by unlawful taking of movable property is defined at 18 Pa.C.S. § 3921(a):

A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, moveable property of another with intent to deprive thereof.

18 Pa.C.S. § 3921(a).

Specifically Hannan contends:

[He] was convicted on clear and mere speculation, as [he] never took control of [Hanna]'s bag and coat, had no knowledge that they were in the vehicle and clearly did not have any intent to deprive [Hanna] of her property. . . . In the instant case, Mr. Hannan never had any "thieving state of mind" let alone any inference of any intent to take and deprive [Hanna] of her bag and coat.

Hannan's Brief at 23-24.

Further, Hannan claims the Commonwealth failed to establish the requisite intent when the only evidence of intent was his failure to answer his telephone. *Id.* at 25. Accordingly, the only element of the crime Hannan challenges is intent.

Our standard of review is as follows:

Whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. . . .

> Finally, the trier of fact while passing upon the credibility of witnesses . . . , is free to believe all, part or none of the evidence.

*Commonwealth v. Fortson*, 165 A.3d 10, 14–15 (Pa. Super.) (citation and internal brackets omitted), *appeal denied*, 174 A.3d 558 (Pa. 2017).

The trial court's analysis of the sufficiency of the evidence is as follows:

> Here, the evidence was sufficient to support a guilty verdict for theft by unlawful taking or disposition because [Hannan] drove away with Ms. Hanna's personal possessions in his car and did not attempt to return any of her belongings. []N.T., [10/31/2017], p. 12, 26.[] After many failed attempts to contact [Hannan] about the return of Ms. Hanna's possessions, Officer Matthew Bahn recovered Ms. Hanna's belongings from inside [Hannan]'s car. *Id.* at 23, 26. **Because [Hannan] kept Ms. Hanna's personal possessions in his car until Officer Bahn reclaimed them, and did not attempt to return anything, [Hannan] thus *intended* to deprive Ms. Hanna of her belongings.**

Trial Court Opinion, 12/28/2017, at 7 (emphases added).

Furthermore, in the trial court's analysis of the weight of the evidence, the judge also stated the following about his consideration of Hannan's intent and his conclusions, as fact-finder, about the witnesses' credibility:

> Officer Matthew Bahn . . . called [Hannan] several times, and left [Hannan] two voicemails. [N.T., 10/31/2017,] at 23. [Hannan] never responded. *Id.* at 24. When Officer Bahn called [Hannan], he could tell that his "phone would ring at various lengths" and, on one occasion, "the call Waiting tone was audible." *Id.* at 23. . . . Therefore, **the [trial judge] chose to *believe* the testimony of Ms. Hanna and Officer Bahn, and not the testimony of [Hannan]**, **because the evidence suggests that [Hannan] purposely avoided phone calls from both Ms. Hanna and Officer Bahn, and thus *intended* to keep Ms. Hanna's possessions when he drove away and did not attempt to later return anything.**

*Id.* at 5 (emphases added).

The trial judge, as fact-finder, thus considered whether Hannan had the requisite intent to deprive Hanna of her movable property. *See* 18 Pa.C.S. § 3921; Trial Court Opinion, 12/28/2017, at 5, 7. We will not and must not substitute our judgment for that of the fact-finder, and all credibility determinations are the prerogative of the fact-finder. *See Fortson*, 165 A.3d at 14-15. Here, the trial judge weighed the trustworthiness of the witnesses and did not find Hannan's testimony to be credible. Trial Court Opinion, 12/28/2017, at 5. When accepting the trial judge's credibility determinations and viewing all evidence admitted at trial in the light most favorable to the Commonwealth as verdict winner, there was sufficient evidence to enable the trial judge, as fact-finder, to find the element of intent and therefore to find theft by unlawful taking of moveable property beyond a reasonable doubt. *See* 18 Pa.C.S. § 3921; *Fortson*, 165 A.3d at 14.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/18

- 7 -