J-S57020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEVEN JOSEPH PLATTS | |
| Appellant | No. 748 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 11, 2019
In the Court of Common Pleas of Schuylkill County
Criminal Division at No: CP-54-CR-0001120-2018

BEFORE: BOWES, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 21, 2020**

Appellant, Steven Joseph Platts, appeals from the April 11, 2019 judgment of sentence imposing 4 to 23 months of incarceration for criminal trespass and receipt of stolen property.[1]  We affirm.

The charges against Appellant arose from a series of offenses at the former St. Kieran's Roman Catholic Church and an attached school in Schuylkill County from April 10, 2008 to May 7, 2018.  The church and school are vacant and no longer in use.  The record reflects that Appellant and his friend John Stiles, who ran a junk removal business, were removing sections of pews from the church and selling them on eBay.  On appeal, Appellant argues the record does not support his trespass conviction because there was

_____

[1] 18 Pa.C.S.A. §§ 3503, 3925.

insufficient evidence as to who owned the church. Appellant also claims he was entitled to believe that Stiles had permission to enter the church in furtherance of his junk removal business. As to the receipt of stolen property conviction, Appellant claims there is no evidence he knew the pews were stolen.

The Commonwealth filed an information on July 30, 2018 charging Appellant with the aforementioned offenses and several others. At the conclusion of a February 15, 2019 trial, a jury found Appellant guilty of trespass and receiving stolen property but not guilty of the remaining charges. This timely appeal followed the trial court's April 11, 2019 sentence. Appellant challenges the sufficiency and weight of the evidence as to both of his convictions.

We review a challenge to the sufficiency of the evidence as follows:

> In reviewing sufficiency of evidence claims, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all the elements of the offense. Additionally, to sustain a conviction, the facts and circumstances which the Commonwealth must prove, must be such that every essential element of the crime is established beyond a reasonable doubt. Admittedly, guilt must be based on facts and conditions proved, and not on suspicion or surmise. Entirely circumstantial evidence is sufficient so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The fact finder is free to believe all, part, or none of the evidence presented at trial.

- 2 -

*Commonwealth v. Moreno*, 14 A.3d 133, 136 (Pa. Super. 2011) (citations omitted), *appeal denied*, 44 A.3d 1161 (Pa. 2012).

We will consider Appellant's convictions in turn. Section 3503 of the Pennsylvania Crimes Code, governing criminal trespass, provides in relevant part as follows:

> **(a) Buildings and occupied structures.**--
>
> (1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:
>
>> (i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or
>>
>> (ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.
>
> (2) An offense under paragraph (1)(i) is a felony of the third degree, and an offense under paragraph (1)(ii) is a felony of the second degree.
>
> (3) As used in this subsection:
>
>> "Breaks into." To gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access.

18 Pa.C.S.A. § 3503(a).

Appellant claims the evidence for his criminal trespass conviction is insufficient because there was no evidence of ownership of the church, and because he believed Stiles, who died prior to trial, had permission to enter the church in furtherance of his junk removal business. The record does not support Appellant's argument. The Commonwealth presented the testimony of David Pedron, the realtor who sold the church to its current owner. Pedron

identified the current owner, and he testified that the church was locked and not open to the public. N.T. Trial, 2/15/19, at 31-33. Corporal Peter Mohn of the Pennsylvania State Police testified that the church had a broken window and a door that had been tampered with, although both could have been related to prior incidents. *Id.* at 54, 64. Officer Gerard Daley testified that Appellant initially denied involvement, but then turned himself in and confessed to the crimes. *Id.* at 97. Officer Daley read Appellant's confession into the record. *Id.* at 98-99. In that confession, Appellant admitted to being inside of the church 13 times cutting and removing pews. *Id.* In his trial testimony, Appellant denied that he was ever inside the church. *Id.* at 155. The Commonwealth also introduced video footage of Appellant buying a pry bar at Walmart. *Id.* at 45, 78. The UPC on the pry bar Appellant purchased matched the UPC on pry bar packaging found at the church. *Id.* at 71-72. Markings on a broken door at the church were consistent with pry bar damage. *Id.* at 54, 58. And while the record indicates that the church had been broken into on several prior occasions, the record also reflects that the damage from prior break-ins had been repaired. *Id.* at 33-34, 39.

Thus, Pedron's testimony confirms that neither Stiles nor Appellant had permission to enter the church. The record, read in a light most favorable to the Commonwealth, supports an inference that Appellant broke in to the church using a pry bar. Furthermore, the jury was entitled to credit Appellant's confession and discredit the exculpatory testimony he gave at trial.

Appellant also claims the evidence of trespass is insufficient because the owner of the church did not testify, and because no deed was produced. Appellant cites no law in support of his claim that the Commonwealth was required to offer a deed or the testimony of the owner. The record reflects that the owner of the church is elderly and living in New York City. *Id.* at 32. Thus, the Commonwealth chose not to have him travel to testify. In any event, Appellant fails to explain why the evidence of the break-in and the evidence of his guilty mind apparent from his conflicting confession and testimony, is not sufficient to establish his lack of license or privilege to enter the church. For all of the foregoing reasons, we conclude the Commonwealth produced sufficient evidence to sustain the conviction for criminal trespass.

Next, Appellant claims the Commonwealth produced insufficient evidence in support of his conviction for receiving stolen property.

> **(a) Offense defined.**--A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.
>
> **(b) Definition.**--As used in this section the word "receiving" means acquiring possession, control or title, or lending on the security of the property.

18 Pa.C.S.A. § 3925. Appellant claims he believed Stiles was authorized to enter the church to remove the pews in furtherance of his junk removal business, and that Appellant merely sold the pews on eBay without ever

having entered the church. In other words, Appellant claims he did not know the pews were stolen or have any reason to believe they were probably stolen.

As we have already explained, Appellant gave varying accounts of his actions, and the jury was entitled to believe his confession, wherein he stated that he participated in removing the pews from the church. Further, the record, read in a light most favorable to the Commonwealth, supports an inference that the church was broken into, and that a pry bar Appellant purchased was used in the break-in. For these reasons, we conclude that sufficient evidence supports a finding that Appellant knew the church pews were stolen.

Appellant also purports to challenge the weight of the evidence in support of both convictions. Rule 607 of the Pennsylvania Rules of Criminal Procedure requires a defendant to raise a weight of the evidence claim **in a motion for a new trial** on the record, either before, during, or after sentence. Pa.R.Crim.P. 607(A). Failure to do so constitutes waiver. *Commonwealth v. Gillard*, 850 A.2d 1273, 1277 (Pa. Super. 2004), *appeal denied*, 863 A.2d 1143 (Pa. 2004). At the sentencing hearing, prior to imposition of sentence, Appellant moved for judgment of acquittal. N.T. Sentencing, 4/11/19, at 2. He did not move for a new trial. Because Appellant never moved for a new trial as required under Rule 607, he has waived his weight of the evidence challenges.

For all of the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2020