J-S25006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                               :        PENNSYLVANIA
                               :
        v.                     :
                               :
                               :
MORRIS C. BUEALE              :
                               :
        Appellant              :    No. 1642 EDA 2022

Appeal from the Judgment of Sentence Entered June 17, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005828-2019

BEFORE: NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.: **FILED SEPTEMBER 25, 2023**

Appellant Morris C. Bueale appeals from the judgment of sentence imposed after a jury convicted him of rape, involuntary deviate sexual intercourse (IDSI), and possession of an instrument of crime (PIC).[1] Appellant challenges the weight of the evidence, the trial court's evidentiary rulings, and the trial court's jury instructions. Appellant also argues that his trial counsel was ineffective. We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> [O]n December 4, 2018, [Appellant] hired a sex worker, [A.M. (the victim)], to come to his home sometime around 4:00-5:00 a.m. [The victim] asked for advance payment, and [Appellant] attempted to pay her with counterfeit money. When she rejected the bills, he carried her downstairs and raped her at knifepoint, orally, vaginally, and anally. Afterwards, [Appellant] kept her

_____

[1] 18 Pa.C.S. §§ 3121(a)(1), 3123(a)(1), and 907(a), respectively.

phone and threatened to kill her and her family if she went to the police. [The victim] immediately flagged down a passerby who called the police. [The victim] was taken to the Special Victims Unit where she was interviewed and administered a rape kit. [Appellant] was arrested on or about December 19, 2018.

[Appellant] filed several pre-trial motions. Relevant to this appeal was an April 13, 2021 motion to pierce the Rape Shield Law[2] and introduce evidence of [the victim's] past sexual conduct. On May 14, 2021, the Honorable Charles A. Ehrlich denied the motion.

Trial Ct. Op., 1/26/23, at 1 (citations omitted).

The Honorable Shanese I. Johnson presided at Appellant's jury trial, which lasted from September 30, 2021 to October 5, 2021. Laura A. Wimmer, Esq. (trial counsel) represented Appellant at trial. During the trial, the Commonwealth played portions of the video recording of Appellant's police interview. N.T. Trial, 10/1/21, at 4-5. After the video ended, the assistant district attorney explained that she had accidentally played a portion of Appellant's interview that was supposed to be redacted pursuant to the Rape Shield Law. *Id.* at 6-7. Specifically, Appellant's trial counsel clarified that the Commonwealth had played the following statement by Appellant: "well, [the victim] told me that she got raped two days ago." *Id.* at 7. Appellant argued

_____

[2] 18 Pa.C.S. § 3104. The Rape Shield Law provides, in relevant part, "[e]vidence of specific instances of the alleged victim's past sexual conduct, past sexual victimization, allegations of past sexual victimization, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions" for rape. 18 Pa.C.S. § 3104(a); *see also Commonwealth v. Rogers*, 250 A.3d 1209, 1216 (Pa. 2021) (explaining that the Rape Shield Law "prevents a sexual assault trial from degenerating into an attack upon the victim's reputation for chastity. It additionally removes obstacles to the reporting of sex crimes" (citations omitted and formatting altered)).

- 2 -

that the Commonwealth had pierced the Rape Shield Law and requested to cross-examine the Commonwealth's DNA expert about finding DNA from a male other than Appellant when testing the victim's rape kit.  *Id.*  The trial court initially held its decision under advisement, but later ruled that the Commonwealth's error in playing a redacted portion of Appellant's interview did not pierce the Rape Shield Law.  N.T. Trial, 10/4/21, at 3.

On October 5, 2021, the trial court held a charging conference with counsel.  During that conference, the trial court denied Appellant's request to include Pennsylvania Suggested Standard Criminal Jury Instructions (Pa. SSJI (Crim)) 3.21A (Failure to Call Potential Witness) and 3.21B (Failure to Produce Document or Other Tangible Evidence at Trial) in the jury charge.  N.T. Trial, 10/5/21, at 19, 23.  The trial court granted the Commonwealth's request to include Pa. SSJI (Crim) 4.13B (Conviction Based on Victim's Uncorroborated Testimony in Sexual Offenses—General) in the jury instructions.  *Id.* at 31.  The trial court then recited a list of instructions it intended to give in its jury charge and Appellant did not object to this list.  *Id.* at 35.  After the trial court finished charging the jury, Appellant objected to the instruction regarding a witness's prior inconsistent statement.  *Id.* at 131-32.

Ultimately, the jury found Appellant not guilty of strangulation,[3] and guilty of rape, IDSI, and PIC.  On May 20, 2022, the trial court sentenced Appellant to an aggregate term of nine to eighteen years' incarceration.

_____

[3] 18 Pa.C.S. § 2718(a)(1).

Appellant filed a timely post-sentence motion seeking reconsideration of his sentence. On June 17, 2022, the trial court granted Appellant's post-sentence motion and re-sentenced Appellant to an aggregate term of eight to sixteen years' incarceration. Appellant did not file any additional post-sentence motions, but he filed a timely notice of appeal.[4] Appellant served a Rule 1925(b) statement on the trial court,[5] and the trial court issued a Rule 1925(a) opinion addressing Appellant's issues.

On appeal Appellant raises the following issues, which we reorder as follows:

1. Was the verdict against the weight of the evidence during the trial?

---

[4] Shaka M. Johnson, Esq. represented Appellant at sentencing and at re-sentencing. John W. McDanel, Esq. represents Appellant on appeal.

[5] On August 1, 2022, the trial court entered an order pursuant to Pa.R.A.P. 1925(b) directing the Commonwealth, the **appellee** in this matter, to file a concise statement of matters complained of on appeal. *See* Trial Ct. Order, 8/1/22. Where the trial court has not directed the **appellant** to file a Rule 1925(b) statement, "[t]he requirements of Rule 1925(b) are not invoked . . . ." *Commonwealth v. Antidormi*, 84 A.3d 736, 745 n.7 (Pa. Super. 2014) (citation omitted). Nevertheless, Appellant voluntarily **served** a Rule 1925(b) statement on the trial court and on the Commonwealth. *See* Commonwealth's Brief at Ex. A (Appellant's Rule 1925(b) statement). However, Appellant's Rule 1925(b) statement does not appear in the certified record. Although it appears that Appellant never **filed** his statement with the trial court, we decline to find waiver on this basis because the trial court's August 1, 2022 order did not apply to him. *See Antidormi*, 84 A.3d at 745 n.7; *see also Commonwealth Powell*, 228 A.3d 1, 3 (Pa. Super. 2020) (declining to find waiver where the Commonwealth did not file a Rule 1925(b) statement because of the trial court's order did not comply with Rule 1925(b)).

2. Did the trial court commit an error of law in failing to allow the entire video tape of Appellant's investigative interview to be viewed by the jury and did the trial court commit an error of law in [its] charge to the jury?

3. Was Appellant's trial counsel ineffective for failing to call the nurse exam[in]er to testify regarding the condition of the victim and for failing to have [] Appellant testify at trial?

Appellant's Brief at 5 (formatting altered).[6]

**Weight of the Evidence**

Appellant argues that the verdict is against the weight of the evidence because the victim's testimony was inconsistent and the evidence did not contradict Appellant's defense that the sexual relations between Appellant and the victim were consensual. *Id.* at 11.

The Commonwealth responds that Appellant waived this claim because he did not raise it before the trial court. Commonwealth's Brief at 8 (citing Pa.R.Crim.P. 607(A)).

_____

[6] We note that although Appellant presents three questions in his statement of questions involved, he has actually raised **six** questions on appeal. *See* Pa.R.A.P. 2116 (providing that "[t]he statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail"). Further, the argument section of Appellant's brief is not divided into separate sections for each question. *See* Pa.R.A.P. 2119(a) (stating "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein"). Lastly, Appellant did not attach a copy of his Rule 1925(b) statement to his brief. *See* Pa.R.A.P. 2111(a)(11). We do not condone Appellant's failures to comply with the Rules of Appellate Procedure, but because they do not impede our review, we decline to find waiver on this basis. *See, e.g.*, *Commonwealth v. Melvin*, 548 A.2d 275, 277 (Pa. Super. 1988).

Before we address the merits of Appellant's weight-of-the-evidence claim, we must determine whether he has preserved it for appeal. "[T]he applicability of waiver principles . . . is a question of law, over which our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Barbour***, 189 A.3d 944, 954 (Pa. 2018) (citations omitted).

Pennsylvania Rule of Criminal Procedure 607 provides that a challenge to the weight of the evidence must be raised in a motion for a new trial that is presented orally, on the record, before sentencing, by written motion before sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607(A); ***see also Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa. Super. 2004). The failure to properly preserve a weight-of-the-evidence claim will result in waiver, even if the trial court addresses the issue in its opinion. ***Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009).

Instantly, the record reflects that Appellant did not raise his weight-of-the-evidence claim prior to or at sentencing, nor did he include it in his post-sentence motion. Therefore, Appellant has waived his challenge to the weight of the evidence and no relief is due. ***See Gillard***, 850 A.2d at 1277; Pa.R.Crim.P. 607(A).

**Appellant's Recorded Interview**

In his second issue, Appellant argues that the trial court erred in denying his request to play the entire recording of Appellant's interview with the police. Appellant's Brief at 13-15. Specifically, Appellant contends that after the

- 6 -

Commonwealth inadvertently played a portion of Appellant's interview that was supposed to be excluded pursuant to the Rape Shield Law, the entire interview should have been played because the omission of that statement's context prejudiced Appellant. *Id.* at 13-14. Appellant concludes that this error was not harmless because the uncontradicted evidence of guilt was not overwhelming. *Id.* at 14-15.

The Commonwealth responds that Appellant has waived this claim because he did not request that the trial court play the entire video of his interview with the police. Commonwealth's Brief at 14-16.

Before we address the merits of Appellant's claim regarding the Rape Shield Law, we first consider whether he has properly preserved this claim for appeal. In order to preserve a claim of error for appellate review, a defendant must make a specific objection before the trial court in a timely fashion and at the appropriate stage of the proceedings. *Commonwealth v. Russell*, 209 A.3d 419, 429 (Pa. Super. 2019). A defendant's failure to raise an objection regarding an evidentiary issue results in waiver. *Id.*; *see also* Pa.R.E. 103(a) (providing that a party may only claim error regarding the admission or exclusion of evidence if he or she makes a timely objection); Pa.R.A.P. 302(a) (stating that "[i]ssues not raised before the trial court are waived and cannot be raised for the first time on appeal").

Our review of the record indicates that Appellant never requested the trial court to order the Commonwealth to play the entirety of his recorded interview after the Commonwealth inadvertently played a redacted portion of

that interview. The only request Appellant made at that time was to cross-examine the Commonwealth's DNA expert about DNA test results that had been excluded by the trial court under the Rape Shield Law. *See* N.T. Trial, 10/1/21, at 7. Because Appellant did not request the trial court to order the Commonwealth to play the entire video during the trial, he has failed to preserve this issue for appeal, therefore it is waived and no relief is due. *See* *Russell*, 209 A.3d at 429; Pa.R.E. 103(a); Pa.R.A.P. 302(a).

### Jury Instructions

In his third and fourth issues, Appellant argues that the trial court erred by denying his request to include two proposed instructions in its jury charge and by including a third instruction that was opposed by Appellant. Appellant's Brief at 15-19. Specifically, Appellant asserts that the trial court erred by omitting Pa. SSJI (Crim) 3.21A and 3.21B from its jury charge and by including Pa. SSJI (Crim) 4.13B in the jury instructions. *Id.* at 16-19.

The Commonwealth responds that Appellant waived these claims because he did not object after the trial court completed its jury instructions. Commonwealth's Brief at 17-18 n.4.

Before we address the merits of Appellant's claims regarding the jury instructions, we must determine if he has preserved them for appeal. It is well-established that "[a] specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver." *Commonwealth v. Olsen*, 82 A.3d 1041, 1050 (Pa. Super. 2013) (citation omitted); *see also Commonwealth v. Pressley*, 887 A.2d 220,

- 8 -

225 (Pa. 2005) (holding that "the mere submission and subsequent denial of proposed points for charge that are inconsistent with or omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points" (footnote omitted)).

Here, the record reflects that Appellant did not raise his objection to the jury instructions with the trial court that he now challenges on appeal before this Court. Indeed, Appellant did not raise any objections at the jury charging instructions conference nor after the trial court instructed the jury. **See** N.T. Trial, 10/5/21, at 19, 23, 31, 35, 129-32. Therefore, Appellant has waived his challenges to the jury instructions on appeal. **See Pressley**, 887 A.2d at 225; **Olsen**, 82 A.3d at 1050; Pa.R.A.P. 302(a). Accordingly, no relief is due.

**Ineffective Assistance of Counsel**

In his final two claims, Appellant argues that trial counsel was ineffective. Appellant's Brief at 11-13. First, Appellant contends that trial counsel was ineffective for failing to call Nurse Examiner Noah Brophy as a witness. **Id.** at 11-12. Second, Appellant asserts that trial counsel was ineffective for failing to call Appellant as a witness. **Id.** at 13. Appellant concludes that his ineffectiveness claims are clearly meritorious, and this Court should address them. **Id.**

Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. **See Commonwealth v. Holmes**, 79 A.3d 562, 577-80 (Pa. 2013). Instead, such claims are to be deferred to

review pursuant to the Post Conviction Relief Act (PCRA).[7] *Id.* However, our Supreme Court has recognized three exceptions to the general rule. In *Holmes*, the Court held that a trial court has discretion to address ineffectiveness claims on direct review in cases where (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and "meritorious to the extent that immediate consideration best serves the interests of justice;" or (2) "there is good cause shown," and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence. *Id.* at 563-64. More recently, our Supreme Court adopted a third exception, which requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018).[8] Our Supreme Court concluded that because the defendant in *Delgros* was sentenced only to a fine, he was ineligible to seek relief under the PCRA. *Id.* at 354-55 (citing 42 Pa.C.S. § 9543).

---

[7] 42 Pa.C.S. §§ 9541-9546.

[8] We acknowledge that there is an additional circumstance in which a defendant may raise an ineffectiveness claim outside of a PCRA petition. This occurs where a defendant alleges PCRA counsel's ineffectiveness in connection with a first PCRA petition. In that situation, the defendant may challenge PCRA counsel's ineffectiveness at the first opportunity, even if on appeal. *See Commonwealth v. Bradley*, 261 A.3d 381, 405 (Pa. 2021). However, in the instant case, Appellant has not pursued PCRA relief and has not been represented by PCRA counsel. Therefore, *Bradley* is inapplicable to Appellant's case, which is on direct appeal. *See id.*

Here, the trial court concluded that Appellant's ineffective assistance of counsel claims cannot be heard on direct appeal because they are not apparent from the record and Appellant has not waived his right to file a PCRA petition. *See* Trial Ct. Op. at 6, 8.

Based our review of the record, we agree with the trial court's conclusions. First, Appellant's claims of trial counsel's ineffectiveness are not apparent from the record nor meritorious to the extent that immediate consideration of his claims best serves the interests of justice. *See Holmes*, 79 A.3d at 563. Second, there is no indication in the certified record that Appellant has expressly waived his right to PCRA review. *See id.* at 564. Lastly, because the trial court imposed a sentence of eight to sixteen years of imprisonment, Appellant is not statutorily barred from seeking PCRA relief. *See Delgros*, 183 A.3d at 361; *see also* 42 Pa.C.S. § 9543(a)(1)(i) (setting forth eligibility for PCRA relief). Therefore, because we conclude that none of the exceptions apply, Appellant's ineffectiveness claims cannot be considered on direct appeal. Accordingly, we dismiss these claims without prejudice to Appellant's right to raise them in a timely petition under the PCRA.

## Conclusion

For these reasons, Appellant is not entitled to relief and we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/25/2023