J-A07019-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LISA RACHELLE SNYDER :
:
Appellant : No. 480 MDA 2025

Appeal from the Judgment of Sentence Entered October 17, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000570-2020

BEFORE: BOWES, J., DUBOW, J., and NEUMAN, J.

MEMORANDUM BY DUBOW, J.: **FILED: MARCH 18, 2026**

Appellant, Lisa Rachelle Snyder, appeals from the October 17, 2024 judgment of sentence of life imprisonment entered in the Berks County Court of Common Pleas following her conviction after a bench trial of two counts each of First-Degree Murder and Endangering the Welfare of Children, and one count of Tampering with or Fabricating Physical Evidence.[1]

The relevant facts and procedural history are as follows. On September 23, 2019, police officers found Appellant's two children, ages 8 and 4, dead in the basement of their home. Police arrested Appellant and the Commonwealth subsequently charged her with their murders.

Appellant and the Commonwealth agreed to a plea of *nolo contendere* guilty but mentally ill to two counts of Third-Degree Murder in exchange for

---

[1] 18 Pa.C.S. §§ 2502(a), 4304(a)(1), and 4910(1), respectively.

which the Commonwealth would not seek the imposition of mandatory life imprisonment.

On November 17, 2023, the trial court convened a negotiated guilty plea and sentencing hearing. Prior to any colloquy or recitation of the facts of the case, the court rejected the plea.

Appellant waived her right to a jury trial and, following a bench trial, on September 24, 2024, the trial court convicted Appellant of the above charges. On October 17, 2024, the court sentenced Appellant to two consecutive terms of life imprisonment without parole and a consecutive term of 8½ to 17 years of imprisonment, followed by 2 years of probation.

Appellant filed a timely post sentence motion, which the trial court denied.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Should Dr. John O'Brien have been accepted as an expert in psychology and permitted to opine on the insanity defense when, in fact, he is a highly paid advocate against the insanity defense and not an objective observer[?]

2. Was it reversible error for the [t]rial [j]udge who rejected a negotiated plea of guilty but mentally ill to preside over a bench trial despite the prohibition against this found in 18 Pa.C.S.[] § 314(b)?

Appellant's Br. at 7.

In her first issue, Appellant purports to challenge the trial court's qualification of Dr. O'Brien as an expert and claims the court erred in

- 2 -

permitting him to opine on Appellant's mental state because Dr. O'Brien allegedly "doesn't accept the definition of insanity as defined in [18] Pa.C.S.[] § 315." *Id.* at 12-13. Appellant also claims that the court should not have accepted Dr. O'Brien's testimony because Dr. O'Brien "minimized all evidence of Appellant's condition" and his evaluation of Appellant was inadequate because he did not interview her until more than 4 years after the murders, did not interview her friends or relatives, and relied on police reports and police interviews. *Id.* at 13. Appellant further contends that Dr. O'Brien engaged in "exaggerations and misstatements" and that his "CV clearly demonstrates that he is an advocate against the insanity defense, not an objective observer who should be permitted to give an opinion in court." *Id.*

First, our review of the record indicates that Appellant has mischaracterized Dr. O'Brien's testimony with respect to his acceptance of the legal definition of insanity. Appellant's trial transcript indicates that her counsel asked Dr. O'Brien if he "subscribe[d] to the legal standard that appears in section 315 - - of the Crimes Code as a standard of behavior as a complete defense to any crime, do you believe in that? . . . Do you believe that the insanity defense should be a compete defense to any crime?" N.T., 9/23/24, at 1114.

In response, Dr. O'Brien testified as follows:

I believe that the insanity defense is a legislative defense and a defense that is definite in the manner that it is defined. It is not a question of my opinion about should or should not.

***Id.*** Thus, contrary to Appellant's claim, Dr. O'Brien expressly testified that he accepts the definition of insanity set forth in the Crimes Code.

Furthermore, we observe that, although Appellant has fashioned the remainder of her claim as a challenge to the court's qualification of Dr. O'Brien as an expert, a review of her argument, as set forth above, indicates that it is, in fact, a challenge to the weight the trial court gave Dr. O'Brien's opinions and not to the qualification of Dr. O'Brien as an expert or to the admission of his testimony.

To preserve a challenge to the weight of the evidence, an appellant must first raise it before the trial court, either "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A)(1)-(3). "[T]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." ***Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa. Super. 2004) (quoting Pa.R.Crim.P. 607 cmt.). "An appellant's failure to avail [her]self of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim[,]" even if the trial court responded to the claim in its Rule 1925(a) opinion. ***Commonwealth v. Weir***, 201 A.3d 163, 167 (Pa. Super. 2018); ***Commonwealth v. Burkett***, 830 A.2d 1034, 1037 n.3 (Pa Super. 2003).

Here, Appellant did not include this challenge to the weight the trial court gave to Dr. O'Brien's testimony in her post-sentence motion or make an

- 4 -

oral motion challenging the weight of the evidence. We, thus, find that Appellant has waived her challenge to the weight of the evidence.[2]

In her second issue, Appellant contends that the trial judge who rejected her negotiated guilty plea erred by subsequently presiding over her bench trial in violation of 18 Pa.C.S. § 314(b).[3] Appellant's Br. at 16-17. Appellant concedes that she did not raise this issue at trial, in a post-sentence motion, or in her Rule 1925(b) statement.

It is well-settled that any issues not raised in a Rule 1925(b) statement will be deemed waived. **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005). Pennsylvania Rule of Appellate Procedure 1925(b) provides, *inter alia*, that, in a statement of matters complained of on appeal, an appellant "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge[,]" and issues that are not properly raised are deemed waived. Pa.R.A.P. 1925(b)(4). Compliance

---

[2] Moreover, even if Appellant had preserved it for review, we would find that this claim lacks merit. Instantly, the trial court explained that it weighed the credibility of Dr. O'Brien and of Appellant's expert witness, Dr. Dung Tran, and credited Dr. O'Brien's expert opinion that at the time of the offenses, Appellant was able to appreciate the nature, quality and wrongfulness of her acts, and was, therefore, not legally insane. N.T., 9/23/24, at 1110-11; **see Commonwealth v. Talbert**, 129 A.3d 536, 545-46 (Pa. Super. 2015) (explaining that "[t]he weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses" and that "an appellate court cannot substitute its judgment for that of the finder of fact") (citations omitted)

[3] Section 314 provides, in relevant part, that "[a] defendant whose plea is not accepted by the court shall be entitled to a jury trial, except that if a defendant subsequently waives his right to a jury trial, the judge who presided at the hearing on mental illness shall not preside at the trial." 18 Pa.C.S. § 314(b).

with Rule 1925(b) is mandatory and we do not have discretion to permit departures from the rule's requirements. ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011).[4] Because Appellant did not raise this issue in her Rule 1925(b) statement, she has waived it.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/18/2026

---

[4] Even if Appellant had not waived this issue by failing to preserve it, we would find it waived because she failed to develop any argument in support of her claim with reference to the record and with citation to and discussion of pertinent authority in contravention of our Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2119(a), (c).