J-A15026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
  :        PENNSYLVANIA
  :
       v.                            :
  :
  :
RYAN ECKHART                      :
  :
             Appellant        :    No. 351 EDA 2021

Appeal from the Judgment of Sentence Entered January 4, 2021
In the Court of Common Pleas of Carbon County
Criminal Division at No.:  CP-13-CR-0000132-2019

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:            **FILED NOVEMBER 9, 2021**

Appellant Ryan Eckhart appeals from the January 4, 2021 judgment of sentence entered in the Court of Common Pleas of Carbon County ("trial court") following his jury conviction for possession of a controlled substance (fentanyl) by an inmate.[1]  His counsel has filed a brief and an application to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1969), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we affirm the judgment of sentence and grant counsel's application to withdraw.

---

[1] 18 Pa.C.S.A. § 5123(a.2).

The facts and procedural history of this case are undisputed.  On January 15, 2019, Appellant was charged with, *inter alia*, the foregoing crime.[2]  The affidavit of probable cause accompanying the complaint alleged:

> On 1-6-2019 I received a report from Sargeant [sic] Jackie Shubeck at Carbon County Prison.  Shubeck advised that a work release inmate was just found to be in possession of suspected Heroin or Fentanyl.  The inmate was identified as [Appellant].  [Appellant] had a small yellow and white contact lens container on his person and when it was searched by a guard the substance was discovered.  The guard who found the substance was correctional officer Zachary Borger.
>
> Upon interviewing [Appellant], he waived his **Miranda**[3] rights and admitted the substance was Fentanyl.  [Appellant] said he brought substance into the prison and was taking it back out to use while he was gone.  He said he does not use the drug in the prison but only when he is out on work release.  [Appellant] admitted using Methamphetamine at times also.  [Appellant] was advised that he would be receiving charges.

Affidavit of Probable Cause, 1/15/19 (sic).  The case proceeded to a jury trial, prior to which the parties entered into the following stipulation.

1. The white substance found within the contact lens case collected into evidence in the above matter is fentanyl, a Schedule II controlled substance which is in violation under the Controlled Substance Drug Device and Cosmetic Act.  35 P.S. Section 780-113(1)(16).

2. It is stipulated between counsel that the above stipulation shall be placed of record without the necessity of producing a lab report, lab personnel or any other such authority to authenticate the substance.

---

[2] Appellant also was charged (but later acquitted) under Section 5123(a) of the Crimes Code, 18 Pa.C.S.A. § 5123(a), relating to controlled substance contraband to confined persons.

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

3. [Appellant] was an "inmate" for purposes of prosecution for possession of a controlled substance by an inmate.

4. [Appellant] did not have a written permit signed by the physician of the Carbon County Correctional Facility or any other such authority allowing him to possess the said substance.

Stipulation, 8/3/20. At trial, both the Commonwealth and Appellant presented testimony. The evidence established that Appellant had been sentenced to a term of 45 to 90 days' imprisonment at Carbon County Correctional Facility. However, he was permitted to serve this sentence on consecutive weekends, from 4:00 p.m. on Fridays until 4:00 p.m. on Sundays. On January 4, 2019, Appellant reported to Carbon County jail to serve his weekend sentence. On January 6, 2019, Correctional Officer Borger escorted Appellant to a locker room area of the jail so that Appellant could be searched and released. Officer Borger noticed that Appellant was holding a pair of shower shoes with a piece of paper between them and appeared nervous. Officer Borger then asked Appellant whether he could inspect the shower shoes. As Officer Borger pulled apart the shoes, he discovered a letter and a contact lens case, which Appellant immediately placed in his pocket. Officer Borger asked Appellant to give him the contact lens case so that he could search it. Appellant complied. Officer Borger opened the case, finding two wet cotton swabs on one side and a small bag with a white substance on the other. Appellant became emotional and offered to pay or give Officer Borger anything Officer Borger wanted. Thereafter, on the same day, the correctional facility initiated an internal discipline against Appellant, who signed a form indicating that he was pleading

guilty to illegally possessing contraband. As a result, Appellant received 14 days in restrictive housing.

Eventually, Officer Carl Breiner, Nesquehoning Police Department, arrived at Carbon County jail and determined the white substance inside the lens case to be fentanyl. After Appellant was ***Mirandized***, he admitted that he possessed the contact lens case and agreed that the substance was fentanyl. Appellant relayed to Officer Breiner that he had brought the fentanyl with him to jail, but did not use it while incarcerated. According to Appellant, he brought the fentanyl to jail so that he could use it upon release.

On August 4, 2020, a jury found Appellant guilty of possession of a controlled substance (fentanyl) by an inmate. On January 4, 2021, the trial court sentenced Appellant to two to four years' imprisonment. Appellant did not file any post sentence motion. Instead, he timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Instead of the court-ordered Rule 1925(b) statement, however, Appellant's counsel filed a statement of intent to file an ***Anders*** brief under Pa.R.A.P. 1925(c)(4).[4] In response, the trial court issued a brief Rule 1925(a) statement.

_____

[4] Rule 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an [***Anders***] brief in lieu of filing a Statement. If, upon review of the [***Anders***] brief, the appellate court believes that there are arguably meritorious issues for

*(Footnote Continued Next Page)*

On April 13, 2021, Appellant's counsel filed in this Court an application to withdraw as counsel and filed an **Anders** brief, wherein counsel challenged the sufficiency and weight of the evidence, and discretionary aspects of sentencing. **Anders** Brief at 7-11.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's application to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is

---

review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his *Anders* brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of *Anders*.

We next must determine whether counsel's *Anders* brief complies with the substantive requirements of *Santiago*, wherein our Supreme Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of *Santiago*. We, therefore, conclude that counsel has satisfied the minimum requirements of *Anders*/*Santiago*.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

At the outset, we note that we cannot review Appellant's issues implicating the weight of the evidence and discretionary aspects of sentencing because he failed to raise them before the trial court at sentencing or in a post-sentence motion.[5] ***See*** Pa.R.Crim.P. 607; ***Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa. Super. 2004) ("As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived."), ***appeal denied***, 863 A.2d 1143 (Pa. 2004); ***Commonwealth v. Burkett***, 830 A.2d 1034 (Pa. Super. 2003) (noting a claim challenging the weight of the evidence generally cannot be raised for the first time in a Rule 1925(b) statement); ***see*** Pa.R.Crim.P. 720(A)(1); ***see also Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (holding objections to discretionary aspects of sentence are generally waived if not raised at sentencing or preserved in a post-sentence motion); ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (explaining that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted). Thus, the sole issue before us is one implicating the sufficiency of the evidence underlying his conviction for possession of a controlled substance (fentanyl) by an inmate.

---

[5] Even though these issues are waived on direct appeal, Appellant may be able to assert them on collateral review.

A claim challenging the sufficiency of the evidence is a question of law."

**Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000).

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Antidormi**, 84 A.3d 736, 756 (Pa. Super. 2014), **appeal denied**, 95 A.3d 275 (Pa. 2014).

Section 5123(a.2) of the Crimes Code, relating to possession of controlled substance contraband by inmate, provides in pertinent part:

A prisoner or inmate commits a felony of the second degree if he unlawfully has in his possession or under his control any controlled substance in violation of section 13(a)(16) of The Controlled Substance, Drug, Device and Cosmetic Act. For purposes of this subsection, no amount shall be deemed de minimis.

18 Pa.C.S.A. § 5123(a.2) (footnote omitted).

Instantly, in light of Appellant's stipulation that he was an inmate at the time of the incident and that the substance at issue was fentanyl, we are called

upon to determine only whether the evidence was sufficient to conclude that Appellant possessed the fentanyl while incarcerated for purposes of Section 5123(a.2). Based on our review of the record, as detailed above, we agree with the trial court's conclusion that, viewed in a light most favorable to the Commonwealth, the evidence establishes that the Commonwealth proved beyond a reasonable doubt that Appellant was guilty of possession of a controlled substance (fentanyl) by an inmate. As the trial court reasoned:

> At trial, the evidence clearly established that [Appellant], who was serving a weekend sentence, was an inmate at the Carbon County Correctional Facility during the weekend of Friday, January 4, 2019, through Sunday, January 6, 2019. On January 6, 2019, as [Appellant] was being routinely processed to leave the prison at the conclusion of this weekend of his sentence, one of the prison guards found fentanyl in a contact lens case [Appellant] was carrying and attempted to conceal from the guard. On opening this case, the guard found wet cotton swabs on one side and a small bag with a white substance, which [Appellant] ***admitted*** was fentanyl, on the other side. Additionally, within two hours of this incident occurring, in response to a misconduct report made by the prison guard for [Appellant's] violation of prison policy, [Appellant] ***admitted*** to being in possession of this contraband.

Trial Court Opinion, 2/11/21, at 2 (internal citations omitted) (emphasis added). Given the stipulations and Appellant's admission to possessing the fentanyl in jail, we cannot conclude that the evidence here was insufficient to sustain his conviction. Accordingly, Appellant is not entitled to relief.

Moreover, based upon our independent review of the record, as detailed above, we agree with counsel that Appellant has not raised any non-frivolous matters herein. We, therefore, affirm the judgment of sentence and grant counsel's application to withdraw.

- 9 -

Judgment of sentence affirmed. Application to withdraw granted.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/09/2021