J-S30020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| REGINALD ROBINSON | : | |
| | : | |
| Appellant | : | No. 1728 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 23, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002982-2017,
MC-51-CR-0006722-2017

BEFORE:   STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED JANUARY 6, 2023**

Reginald Robinson (Appellant) appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas of an aggregate sentence of ten to 20 years' incarceration followed by three years of probation. Contemporaneous with this appeal, Appellant's counsel, Matthew Sullivan, Esquire (Counsel), seeks permission to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  The ***Anders*** brief presents sufficiency, weight, and sentencing challenges.  For the reasons below, we affirm the judgment of sentence and grant Counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The trial court summarized in detail the relevant facts and trial testimony as follows:

From 2013 to 2014, N.W., [(Victim)], lived with her mother [(Mother)], . . . [Appellant], and her half-brother, T.R. at . . . North Broad Street and . . . Bridge Street, respectively. [Mother's] two cousins also lived in the basement at the Bridge Street residence. [Appellant] is the father to [Victim]'s half-brother, born to [Mother] in January 2013. [Appellant] was romantically involved with [Mother] from 2011 to 2014. [Victim] and [Appellant] would often be alone together in the Broad Street and Bridge Street residences while [Mother] was working and T.R. was attending daycare.

When [Victim] was approximately eight or nine years old, [Appellant] began engaging in inappropriate sexual conduct with [Victim]. [Victim] testified about two instances of abuse at the Broad Street residence. [She] testified on one occasion that [Appellant] "put Hershey's chocolate milk syrup on his penis and made [her] suck it off inside the kitchen. [Victim] testified that on another occasion in the living room of the Broad Street residence [Appellant] forced her to suck his penis while he recorded her on his cell phone. [Appellant] made her watch the video and "critiqu[ed]" her. After this, [Victim] testified that she was again forced to suck his penis and remembered tasting his "precum."

Additionally, [Victim] testified about four separate instances of abuse at the Bridge Street home. [Victim] recalled how [Appellant] called her into [his and Mother]'s shared bedroom. [Victim] testified that pornographic videos were playing on the television in the room and [Appellant] made her suck his penis, controlling her head with his hand. On another occasion, in the same bedroom, [Appellant] attempted to have sexual intercourse with [Victim] but his penis would not fit into her vagina, so he rubbed his penis above her vagina in a "humping" motion.

[Victim] recalled another instance of sexual abuse at the Bridge Street home when her mother was home, downstairs in the kitchen. [Victim] testified [Appellant] made her get on her knees and suck his penis behind the door of [his and Mother]'s shared bedroom. [Victim] testified about a separate occasion at Bridge Street when [Appellant] licked her vagina as he made her suck his

- 2 -

penis. [Victim] testified that [Appellant] once "play[ed]" with her vagina, placing his fingers on her vagina while she was forced to suck his penis. [Victim] testified that occasionally [Appellant] would drive her to school and on one occasion he made her suck his penis in the car directly outside of her school before dropping her off.

[Victim] stopped living with [Appellant] when he and her mother . . . broke up in 2014. [Victim] testified that the last time she saw [Appellant] was in 2017 when she went to . . . pick up her half-brother from [Appellant]'s house, where he lived with his new girlfriend and her children. Shortly after this, [Victim] and her mother watched a show together called "Being Mary Jane" in which one of the characters told a family member she was raped. [Mother] told [Victim] and her sister that if anything like that happened to them, and they were too scared to talk . . . about it with their parents, they should tell a trusted adult. [Victim] testified that the next day at school she "broke down" and told her best friend and her sixth-grade teacher, Lisa Heuer, about the sexual abuse she endured. This portion of [Victim]'s testimony was supported and corroborated by Ms. Heuer and [Mother]'s testimony at trial.

During cross-examination trial counsel brought out inconsistencies and omissions between [Victim]'s trial testimony and previous testimony at a preliminary hearing in April 2017. [Victim] previously testified that the sexual abuse happened every weekend for five weekends in a row, but during trial she was not as specific and could not recall if this timeframe was exactly correct. [Victim] was interviewed by Montgomery County Child Services in 2017 and she told the interviewer [Appellant] touched her breasts and her rear. At trial she did not include these details in her testimony.

[Appellant] testified that he never had sexual contact with [Victim]. He testified that he rarely supervised or was alone with [her]. [Appellant] testified that in 2017 he and [Mother] had an argument about his lack of monetary support for T.R. After, [Mother] confronted [him] at his job and had another argument. [Appellant] also testified that [Mother]'s new boyfriend called [him] and they got into an argument about support for T.R. [Mother]'s boyfriend confronted [Appellant] with allegations of sexual abuse against [Victim]. [Appellant] testified that he had "no idea what [Mother's boyfriend] was talking about."

Testifying as a rebuttal witness to [Appellant]s testimony, [Mother] stated that she never went to [Appellant]'s job to tell him to provide monetary support for T.R. She further testified that her boyfriend did go to [Appellant]'s job in 2017 but did not argue with him about monetary support for her child T.R.

Trial Ct. Op., 10/29/21, at 2-4 (record citations omitted).

Appellant was arrested and charged in 2017. In July of 2018, he was found to be mentally incompetent and not able to stand trial. *See* Criminal Involuntary Mental Health Commitment Court Order, 7/30/18. It is unclear from the certified record when Appellant was released from commitment but the matter eventually proceeded to a one-day bench trial on April 21, 2021.[1] At the conclusion of the proceeding, the court convicted Appellant of rape of a child, involuntary deviate sexual intercourse (IDSI) with a child, unlawful contact with a minor related to sexual offenses, sexual assault, corruption of minors, photographing, filming, or depicting a child engaged in a sexual act, indecent exposure, endangering the welfare of children (EWOC), and indecent assault of a person less than 13 years of age.[2] The court found him not guilty of aggravated indecent assault of a child.[3] On July 23, 2021, the court imposed the following sentences: (1) a term of ten to 20 years' incarceration

_____

[1] Appellant was represented by Paul DiMaio, Esquire (trial counsel), at trial.

[2] 18 Pa.C.S. §§ 3121(c), 3123(b), 6318(a)(1), 3124.1. 6301(a)(1)(ii), 6312(b)(2), 3127(a), 4304(a)(1), and 3126(a)(7), respectively.

[3] 18 Pa.C.S. § 3125(b).

for rape of a child; (2) a concurrent term of ten to 20 years' imprisonment for unlawful contact with a minor; and (3) concurrent terms of three years' probation each for unlawful contact with a minor, corruption of minors, photographing, filming, or depicting a child engaged in a sexual act, indecent exposure, EWOC, and indecent assault. The crimes of IDSI and sexual assault merged for sentencing purposes.

Appellant did not file post-sentence motions but did file a notice of appeal.[4] On August 25, 2021, the court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. Counsel complied with the trial court's concise statement directive on September 28, 2021, which was untimely. In the statement, Appellant identified one issue — that his convictions were against the weight of the evidence. **See** Statement of Errors Complained of on Appeal, 9/28/21. The court issued a Pa.R.A.P. 1925(a) opinion on October 29, 2021, which addressed the merits of the weight claim despite the untimely filing of the statement. **See** Trial Ct. Op. at 4-8. The matter is now before us.[5]

_____

[4] After Appellant filed his notice of appeal, the court appointed Counsel to represent him.

[5] As a procedural matter, we note that "[t]his Court has held that both the complete failure to file the 1925(b) statement . . . [and the] untimely filing [of a 1925(b) statement] is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal." **Commonwealth v. Sanchez-Frometa**, 256 A.3d 440, 442-43 (Pa. Super. 2021) (citations and quotation marks omitted). "While
*(Footnote Continued Next Page)*

When, as here, Counsel files a petition to withdraw and accompanying *Anders* brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. *Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015). An attorney seeking to withdraw from representation on appeal must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to *Santiago*, counsel must also:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, *quoting* *Santiago*, 978 A.2d at 361.

---

these circumstances often require a remand, where the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on their merits." *Id.* at 443 (citation and quotation marks omitted). Here, Counsel was *per se* ineffective for failing to file a timely concise statement. However, because the trial court addressed the merits of the issue, we need not remand this case.

In the present case, the brief and petition to withdraw filed by Counsel complies with the requirements of **Anders** and **Santiago**. **See Cartrette**, 83 A.3d at 1032. Moreover, Counsel has provided this Court with a copy of the letter he sent to Appellant, advising him of his right to proceed with newly retained counsel or *pro se*, and to raise any additional points for this Court's attention.[6] **See** Counsel's Letter to Appellant, 2/17/22. Appellant has not filed a response. Therefore, we proceed to examine the issues identified in the **Anders** brief, and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*) (citation omitted). If we agree with counsel's assessment, "[we] may grant counsel's request to withdraw and dismiss the appeal[.]" **Id.** (citation omitted).

The **Anders** brief identifies four potential claims for our review: whether (1) there was insufficient evidence to support the convictions; (2) the convictions were against the weight of the evidence; (3) his sentence was an abuse of discretion; and (4) his sentence was legal. **See Anders** Brief at 14, 17, & 18-19. Upon our review, we conclude the weight, sufficiency, and

---

[6] On March 7, 2022, by *per curiam* order, we directed Counsel to provide Appellant with a copy of the petition to withdraw as counsel because it was unclear if Appellant had received the petition. On March 14, 2022, this Court received written notice from Counsel that he sent to Appellant, on the same date, copies of the filed application to withdraw as counsel and **Anders** brief *via* first-class mail.

discretionary aspects of sentencing claim are waived. Moreover, there is no merit to his legality of sentence argument.

Appellant first claims there was insufficient evidence to support his convictions.[7] *See Anders* Brief at 14-17. We observe that Appellant's sufficiency claim is waived because he did not include that specific issue in his court-ordered concise statement. *See* Pa.R.A.P. 1925(b)(4)(vii) (issues not included in court-ordered statement are waived); *see also Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (holding that where a trial court directs a defendant to file a Rule 1925(b) concise statement, any issues not raised in that statement shall be waived). Accordingly, we are precluded from reviewing Appellant's sufficiency argument.

Next, Appellant asserts the verdict was against the weight of the evidence. *See Anders* Brief at 17-18. Before addressing the merits of this argument, we must determine whether he properly preserved the issue. It is well-settled law that a defendant must raise a claim asserting the verdict is against the weight of the evidence before the trial court, either orally at sentencing or in a written post-sentence motion. *See* Pa.R.Crim.P. 607; *see also Commonwealth v. Gillard*, 850 A.2d 1273, 1277 (Pa. Super. 2004)

---

[7] In the *Anders* brief, Counsel first alleges that "the complaint's testimony was sufficient to satisfy each element of the crimes for which the trial court convicted" Appellant. *Anders* Brief at 15. Counsel then states Appellant may want to specifically "argue that the evidence did not establish he forced the complainant to submit to sexual intercourse, as required by" the rape of a child statute. *Id.*

("As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived.") (quotation marks omitted); ***Commonwealth v. Burkett***, 830 A.2d 1034, 1037 n.3 (Pa. Super. 2003) (generally, a claim challenging the weight of the evidence cannot be raised for the first time in a concise statement). Here, as the trial court properly found:

> [Appellant] argues that he preserved the claim because during sentencing, after trial counsel informed [Appellant] of his appellate rights, [Appellant], on the record, indicated that he wanted to possibly file a post-sentence motion and an appeal. The trial court asked trial counsel if counsel could file a motion to reconsider to which trial counsel responded "Sure. I can file that. After speaking to my client after this, if that's what he really wants to do." [Appellant] argues that trial counsel's failure to file a post-sentence motion challenging the weight of the evidence, despite [Appellant]'s apparent request to do so, means he preserved the claim.
>
> [Rule] 607 clearly indicates that a challenge to the weight of the evidence must be brought before the trial court to be preserved for appellate review. Ultimately, [Appellant] never properly brought a claim in front of the trial court challenging the weight of the evidence, so it is waived. [Appellant]'s indication that he wanted to file a post-sentence motion is not sufficient to preserve this claim for appeal.

Trial Ct. Op. at 5 (record citation omitted).[8]  We agree with the court that without more, Appellant did not meet his burden of preserving the weight

---

[8] After finding waiver, the trial court did address the merits of the weight claim. ***See*** Trial Ct. Op. at 6-8.

claim at his sentencing hearing. Moreover, he did not file a post-sentence motion. As such, Appellant waived his weight claim for appellate review.[9]

Third, Appellant makes a general allegation as to the discretionary aspects of his sentence. **See Anders** Brief at 18-19. Similar to his sufficiency claim, we are precluded from reviewing Appellant's discretionary aspects of sentencing argument because he did not include the issue in his concise statement. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Lord**, **supra**. Moreover, we point out there is no automatic right to review of a challenge to the discretionary aspects of sentencing. **See Commonwealth v. White**, 193 A.3d 977, 982 (Pa. Super. 2018).

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal [was timely-filed]; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [pursuant to Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. [I]f the

---

[9] Assuming *arguendo* Appellant had properly preserved his weight claim, we would affirm on the basis of the trial court's opinion. **See** Trial Ct. Op. at 6-8 (finding Appellant's weight claim had no merit where the court, sitting as the fact-finder, found the following: (1) Victim was "extremely credible[,]" she possessed a "matter of fact demeanor while testifying and the level of detail [she] was able to provide regarding each specific instance of abuse . . . support[ed the court's] assessment of [her] credibility[;]" (2) "it was able to reconcile the inconsistencies in [Victim]'s testimony because of [her] young age[;]" (3) it "found no possible motive for [Victim] to fabricate or exaggerate her testimony[;]" and (4) it "acknowledged the inconsistencies in [Victim]'s testimony but concluded that they did not instill a reasonable doubt in the finder-of-fact.") (quotation marks omitted).

- 10 -

appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Id.* (citation omitted). As mentioned above, Appellant did not file a post-sentence motion. Therefore, he did not properly preserve this claim for our review, and it is waived.

In his final claim, Appellant raises a legality of sentence argument. ***See*** Anders Brief at 19-20. "Legality of sentence questions are not waivable and may be raised *sua sponte* by this Court." ***Commonwealth v. Watley***, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*). This Court has previously stated:

> Issues relating to the legality of a sentence are questions of law. . . . When the legality of a sentence is at issue, our standard of review over such questions is *de novo* and our scope of review is plenary. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. . . ."

***Commonwealth v. Ramos***, 197 A.3d 766, 768-69 (Pa. Super. 2018) (citations & quotation marks omitted).

Turning the instant matter, Appellant received concurrent terms of ten to 20 years' incarceration for rape of a child and unlawful contact with a minor, followed by concurrent terms of three years' probation each for unlawful contact with a minor, corruption of minors, photographing, filming, or depicting a child engaged in a sexual act, indecent exposure, EWOC, and indecent assault. As Counsel points out, the statutory maximum sentence for rape of a child and unlawful contact with a minor is 40 years. ***See*** 18 Pa.C.S. §§ 3121(e)(1) and 6318(b)(1); ***see also Anders*** Brief at 19-20. Moreover,

- 11 -

his probatory sentences are also legal because the statutory maximum sentences for those crimes, which were graded as second and third-degree felonies and a first-degree misdemeanor, are at least five years. **See** 18 Pa.C.S. § 106(b)(3) (statutory maximum for a second-degree felony is ten years, (4) (statutory maximum for a third-degree felony is seven years, & (6) (statutory maximum for a first-degree misdemeanor is five years); **see also** Anders Brief at 20. Accordingly, there is no merit to Appellant's legality of sentence claim because his sentences all fall within the statutory authority.

Lastly, our independent review of the record reveals no non-frivolous issues to be raised on appeal. **See Yorgey**, 188 A.3d at 1196. Accordingly, because Appellant's arguments are unavailing, we affirm the judgment of sentence and grant Counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2023

- 12 -