J-S29026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SEAN A. ASHELMAN | : | |
| | : | |
| Appellant | : | No. 193 MDA 2023 |

Appeal from the Judgment of Sentence Entered January 13, 2023
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0001723-2021

BEFORE:   MURRAY, J., KING, J., and COLINS, J.*

MEMORANDUM BY KING, J.:                    **FILED: NOVEMBER 27, 2023**

Appellant, Sean A. Ashelman, appeals from the judgment of sentence entered in the Schuylkill County Court of Common Pleas, following his jury trial conviction for driving under the influence of a controlled substance ("DUI"), and bench trial convictions for driving on roadways laned for traffic and careless driving.[1]  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> [I]n the early morning hours of November 3, 2020, [Appellant] was traveling [on] Route 61 southbound. Dennis Conti was also traveling southbound on Route 61 in the same direction as [Appellant] when he heard screeching tires and was almost rear-ended by [Appellant]'s vehicle.

---

* Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(d)(2); 3309; and 3714(a), respectively.

Mr. Conti observed [Appellant]'s vehicle slow down and speed up as he was driving in a southerly direction down Route 61. Mr. Conti then observed [Appellant] driving up the shoulder of the highway. Mr. Conti called 911 because [Appellant] was driving his vehicle all over; left lane, right lane and swerving all over. Mr. Conti observed [Appellant]'s vehicle come flying up the shoulder as if he was going to pass a tractor trailer that was in front of them and [Appellant]'s car went into the median and flipped. Mr. Conti got [Appellant] out of his vehicle and Mr. Conti stayed with [Appellant] until the paramedics and police arrived.

Trooper Thomas Robin testified that he was in full uniform in a police cruiser when he was dispatched to a motor vehicle accident in West Brunswick Township, Schuylkill County. When Trooper Robin arrived on the scene, he observed a green Chevy Avio on its roof in the southbound lane of Route 61[.] The trooper spoke to Mr. Conti and the trooper also had a conversation with [Appellant]. He first observed that [Appellant]'s pupils were abnormally constricted. Trooper Robin asked [Appellant] if he took any type of drug and [Appellant] indicated that he took Adderall for the past three days. Trooper Robin testified that Adderall is an amphetamine. [Appellant] then told the trooper that he was traveling to Bloomsburg, which was in the opposite direction of where [Appellant]'s vehicle was actually traveling.

Trooper Robin explained that he performed field sobriety tests on [Appellant]. The first test that he performed was the Horizontal Gaze Nystagmus Test. Trooper Robin testified that [Appellant]'s pupils were constricted, and he did not see any flinching of [Appellant]'s eyes. The next test Trooper Robin asked [Appellant] to perform was the Walk and Turn test. Trooper Robin testified that he had to explain the test multiple times because [Appellant] was not understanding what he was telling him. [Appellant] started the test early and then [Appellant] said that there is no use performing the test because he was going to fail. Trooper Robin stopped the test because [Appellant] said he was not going to do the test because he was going to fail.

The next test Trooper Robin asked [Appellant] to perform was the One Leg Stand Test. Trooper Robin testified that

- 2 -

again [Appellant] attempted to perform the test early after relating to the trooper that he understood the testing. Trooper Robin told [Appellant] to reset and [Appellant] stated that there is no point in doing this test [because he is] going to fail. The next test the trooper conducted was the Lack of Convergence Test where the trooper [told] [Appellant] to follow the tip of his finger with his eyes and eyes only. During this test [Appellant]'s right eye did not converge [but] stayed straight and Trooper Robin testified that this tells him that there is … impairment [from] a drug … imped[ing Appellant's] eyes from converging. The next test that Trooper Robin conducted was the Modified Romberg Test where [Appellant was asked] to tilt his head back, close his eyes and count to 30 seconds in his head. [Appellant] started this test again without confirming that he understood the test. [When he] perform[ed] it[,] he popped his head back up after approximately 10 seconds after tilting his head back—instead of 30 seconds. Trooper Robin told him he may have to do the test again and [Appellant] said [that he's] done with it.

Trooper Robin testified that based on his training and experience as a police officer, the details of the crash, his observations of [Appellant] during the standard field sobriety testing, as well as [Appellant's admission that] he was ingesting amphetamines for the past 3 days, [Trooper Robin] was able to form an opinion that [Appellant] was under the influence of a controlled substance. [H]e placed [Appellant] under arrest. Trooper Robin testified that he then read [Appellant] a DL-26 form requesting a blood draw. Trooper Robin testified that [Appellant] refused the blood draw and he related to him that there was no sense in him going to get a blood draw when [Appellant] already admitted to the trooper that he had amphetamines in his system.

(Trial Court Opinion, filed 3/15/23, at 2-4).

At the conclusion of the Commonwealth's case, Appellant moved for a judgment of acquittal, and the court denied the motion. On October 31, 2022, the jury found Appellant guilty of DUI and the court found Appellant guilty of

the related summary offenses. On January 13, 2023, the court sentenced Appellant to 18 months to five years of incarceration for the DUI charge and ordered Appellant to pay a fine for the summary offenses. Appellant filed a timely notice of appeal on February 6, 2023. On February 7, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant complied on February 23, 2023.

Appellant raises the following issue for our review:

> Whether the trial court erred by failing to grant a motion for acquittal?

(Appellant's Brief at 4).

Appellant contends that the Commonwealth failed to present reliable evidence to demonstrate that Appellant was driving under the influence of a controlled substance. Appellant claims that Trooper Robin's testimony was unreliable because there was erroneous information in Trooper Robin's documentation regarding the date of the incident and the details of witness statements. Specifically, Appellant asserts that Trooper Robin's notes state that Mr. Conti was driving behind Appellant, which contradicts Mr. Conti's testimony at trial that he was in front of Appellant's vehicle the entire time while observing Appellant's errant driving and subsequent accident. Appellant further argues that Trooper Robin failed to explain why the audio of the motor vehicle recording device was not working, calling into question Trooper Robin's testimony that Appellant made several incriminating statements in his presence. Appellant concludes that the trial court erred in denying his motion

for judgment of acquittal and this court should vacate the judgment of sentence. We disagree.

"A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." **Commonwealth v. Hutchinson**, 947 A.2d 800, 805 (Pa.Super. 2008), *appeal denied*, 602 Pa. 663, 980 A.2d 606 (2009). When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Id.* at 805-06 (quoting **Commonwealth v. Andrulewicz**, 911 A.2d 162, 165 (Pa.Super. 2006), *appeal denied*, 592 Pa. 778, 926 A.2d 972 (2007)) (emphasis omitted).

Our Supreme Court has held that an "appellant's challenge to the sufficiency of the evidence must fail[,]" where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that appellant provides goes to the weight of the evidence. ***Commonwealth v. Small***, 559 Pa. 423, 434, 741 A.2d 666, 672 (1999). An argument that the finder of fact should not have credited a witness's testimony goes to the weight of the evidence, not the sufficiency of the evidence. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 160 (Pa.Super. 2007) (explaining claim that jury should not have believed victim's version of events goes to weight, not sufficiency of evidence); ***Commonwealth v. Wilson***, 825 A.2d 710, 713-14 (Pa.Super. 2003) (explaining sufficiency of evidence review does not include assessment of credibility, which is more properly characterized as challenge to weight of evidence); ***Commonwealth v. Gaskins***, 692 A.2d 224, 227 (Pa.Super. 1997) (stating credibility determinations are made by finder of fact and challenges to those determinations go to weight, not sufficiency of evidence).

The Motor Vehicle Code defines the offense of DUI-controlled substances as follows:

> **§ 3802. Driving under influence of alcohol or controlled substance**
>
>            \*    \*    \*
>
> **(d) Controlled substances.** —An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

* * *

> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2)

"[T]o convict a defendant under this section, the Commonwealth must establish three elements: 1) that the defendant drove; 2) while under the influence of a controlled substance; and 3) to a degree that impairs the defendant's ability to drive safely." *Commonwealth v. Spence*, 290 A.3d 301, 309 (Pa.Super. 2023). "[S]ubsection 3802(d)(2) does not limit, constrain, or specify the type of evidence that the Commonwealth can proffer to prove its case." *Commonwealth v. Griffith*, 613 Pa. 171, 183, 32 A.3d 1231, 1239 (2011). "This provision by its plain text does not require that a drug be measured in the defendant's blood[.]" *Id.* Additionally, the Commonwealth is not required to introduce expert testimony to meet its burden. *See Commonwealth v. Graham,* 81 A.3d 137, 146 (Pa.Super. 2013), *appeal denied*, 625 Pa. 662, 93 A.3d 462 (2014).

Instantly, Appellant's underlying claim is that the testimony of Trooper Robin and Mr. Conti was unbelievable because Trooper Robin's recording of the incident did not contain audio and there were inconsistencies between Trooper Robin's report and Mr. Conti's testimony at trial. Notwithstanding the phrasing of Appellant's challenge as attacking the sufficiency of the evidence,

Appellant's claim is more properly construed as a challenge to the weight of the evidence. *See Wilson, supra*; *Gaskins, supra*. However, Appellant failed to preserve a challenge to the weight of the evidence by raising it before the trial court or including it in his Rule 1925(b) statement. Accordingly, Appellant has waived this issue. *See* Pa.R.Crim.P. 607(A) (stating: "A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion"); *Commonwealth v. Gillard*, 850 A.2d 1273, 1277 (Pa.Super. 2004), *appeal denied*, 581 Pa. 672, 863 A.2d 1143 (2004) (holding that challenge to weight of the evidence must be raised with trial judge or it will be waived). *See also Commonwealth v. Bonnett*, 239 A.3d 1096 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 250 A.3d 468 (2021) (reiterating well-settled law that issues not preserved in concise statement are waived for appellate review).

Moreover, even if Appellant had properly attacked the sufficiency of the evidence to sustain his DUI conviction, that claim would merit no relief. As the trial court explained:

> The Commonwealth presented the credible testimony of an eyewitness who witnessed [Appellant] driving erratically. The witness was in the process of calling 911 to [Appellant]'s erratic driving when the witness observed [Appellant] speeding up to a tractor trailer and then crash his vehicle into the median. The Commonwealth also presented the credible testimony. of Trooper Robin who testified that [Appellant] admitted to him that he was using

amphetamines for the past 3 days. [Appellant] told the trooper that he was going somewhere which was in the opposite direction that [Appellant]'s vehicle was actually traveling. The trooper detailed the numerous field sobriety tests he asked [Appellant] to perform[,] how [Appellant] was not able to follow his instructions and was not able to perform any of the tests. The trooper gave an opinion that based on all of his observations, [Appellant]'s erratic driving, the crash and his performance in the field sobriety tests, he was able to opine that [Appellant] was under the influence of drugs to a degree which rendered him incapable of safe driving. The trooper also testified that he placed [Appellant] under arrest and [asked] him to submit to a blood test[,] which [Appellant] refused.

(Trial Court Opinion at 5).

The record supports the court's analysis. Further, any inconsistencies between Trooper Robin's report and Mr. Conti's testimony did not render their testimony so inherently unreliable and contradictory, such that it would upset the verdict. *See Commonwealth v. Karkaria*, 533 Pa. 412, 419, 625 A.2d 1167, 1170 (1993) (holding that testimony may only be deemed insufficient to sustain verdict where it is so inherently unreliable that verdict based upon it could amount to no more than surmise or conjecture). On this record, we agree with the trial court that the Commonwealth presented sufficient evidence to sustain Appellant's DUI conviction. *See Griffith, supra* (holding evidence was sufficient to sustain DUI-controlled substance conviction where witness observed appellant driving in reckless manner, officer observed signs of impairment including failure of multiple field sobriety tests, appellant admitted to taking medication on morning of incident and blood tests showed presence of controlled substances). *See also Graham, supra* (holding

evidence was sufficient to sustain DUI-controlled substance conviction where police officer testified appellant was driving erratically, showed signs of impairment, failed field sobriety tests, and admitted to having prescription medication in her system). Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/27/2023