J-S04023-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :   IN THE SUPERIOR COURT OF
                                          :          PENNSYLVANIA
                                          :
             v.                          :
                                          :
                                          :
IMAD BYNUM                             :  
                                          :
            Appellant                 :   No. 790 EDA 2025

Appeal from the Judgment of Sentence Entered February 18, 2025
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0006479-2023

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY STABILE, J.:                **FILED MAY 29, 2026**

       Appellant, Imad Bynum, appeals from the judgment of sentence the Court of Common Pleas of Philadelphia County entered on February 18, 2025. On appeal, Appellant challenges the discretionary aspects of his sentence, the sufficiency of the evidence, and the weight of the evidence.  Upon review, we affirm.

       The trial court summarized the relevant background as follows.

> On August 8, 2023, at approximately 8:50 p.m., Philadelphia Police Officer Ashley Sipos, while assigned to a crime plan detail in the 15th District, responded to a radio call reporting a male shot and a person with a gun on the 4600 block of Ditman Street in Philadelphia. Upon arrival, [Officer] Sipos observed a crowd gathered around a male later identified as Jaamyr Thompson ("Thompson"), who was bleeding from his face and back.  [Officer] Sipos, assisted by bystanders, transported Thompson to Temple Hospital, where he was intubated and listed in critical condition. Thompson was unable to speak due to injuries sustained to his jaw.

The shooting occurred outside the residence of Malik Crawford ("Crawford"), located near Orthodox and Ditman Streets. Latora Grant ("Grant"), sister of the victim and former girlfriend of Crawford, testified that she had been in a verbal and physical altercation with Crawford earlier that day. Grant stated that Crawford invited her to his residence to reconcile, and upon arrival, they sat on the steps outside his home. Crawford, who did not possess a key to his residence, contacted his home health aide, [Appellant], to unlock the door.

Grant testified that upon [Appellant]'s arrival, a verbal confrontation ensued between her and [Appellant]. During this exchange, [Appellant] allegedly instructed Grant to summon her brothers. Grant complied, and Thompson arrived shortly thereafter. Grant testified that [Appellant] then produced a firearm and discharged it, striking Thompson multiple times.

The Commonwealth charged [Appellant] with multiple offenses, including aggravated assault. On June 17, 2024 [Appellant] knowingly, intelligently, and voluntarily waived his right to a jury trial and elected a bench trial, where he testified in his own defense. [Appellant] was found guilty of aggravated assault and related offenses.

On February 18, 2025, [Appellant] appeared for sentencing. [The trial] court imposed an aggregate sentence of five to ten years' incarceration, followed by five years of reporting probation and further ordered drug and alcohol evaluation and treatment, mental health evaluation and treatment, and prohibited [Appellant] from possessing firearms or illegal substances.

Trial Court Opinion, 8/20/25, at 1-2 (unnumbered) (citations to the record omitted).

Appellant did not file post-sentence motions; however, Appellant filed a timely notice of appeal.

On appeal, Appellant raises three claims: (1) discretionary aspects of his sentence, (2) sufficiency of the evidence, and (3) weight of the evidence.

- 2 -

<u>Discretionary aspects</u>

Appellant argues that the sentence imposed is harsh and excessive, fails to account for "all" sentencing factors under Section 9721(b), or "any" mitigating evidence.  Appellant's Brief at 11.

As presented, Appellant's claim challenges the discretionary aspects of sentencing.  ***See Commonwealth v. Lutes***, 793 A.2d 949 (Pa. Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536 (Pa. Super. 1995), *appeal denied*, 676 A.2d 1195 (Pa. 1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).  ***See also Commonwealth v. Cartrette***, 83 A.3d 1030, 1040 (Pa. Super. 2013) (*en banc*) (explaining claim that court failed to consider Section 9721(b) sentencing factors pertain to discretionary aspects of sentencing).

Our standard for reviewing a claim challenging the discretionary aspects of a sentence is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa. Super. 2014).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and internal quotations omitted).

A review of the record reveals that Appellant failed to properly preserve the issue raised here either at sentencing or in a motion to reconsider and modify sentence. Accordingly, the discretionary aspects challenge is waived. **See**, **e.g.**, **Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa. Super. 2013). **See also Commonwealth v. Adams**, No. 718 EDA 2025, unpublished memorandum, 2026 WL 673539, at *3 (Pa. Super. filed March 10, 2026).[1]

## Sufficiency of the evidence

Regarding the sufficiency of the evidence, Appellant argues that the

evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Aggravated Assault beyond a reasonable doubt, as to [Appellant].

---

[1] **See** Pa.R.A.P. 126(b) (non-precedential memorandum of this Court filed after May 1, 2019, may be cited for its persuasive value).

Appellant's 1925(a) statement.

Appellant repeats the exact statement for each of Appellant's remaining convictions. This generic, boilerplate challenge to "all elements" of every one of Appellant's conviction is too vague to permit appellate review. Accordingly, the challenges to the sufficiency of these claims are all waived as well. ***See***, ***e.g.***, ***Adams***, ***supra***, 2026 WL 673539, at *4; ***Commonwealth v. Johnson***, No. 67 EDA 2025, unpublished memorandum, 2026 WL 621720, at *4 (Pa. Super. filed March 5, 2026); ***Commonwealth v. Higgin***, No. 635 EDA 2025, unpublished memorandum, 2026 WL 560297, at *5 (Pa. Super. filed February 27, 2026); ***Commonwealth v. Young***, No. 3079 EDA 2024, unpublished memorandum, 2025 WL 1927707, at *4 (Pa. Super. filed July 14, 2025); ***Commonwealth v. Morales-Justiniano***, Nos. 2519 EDA 2022, 2520 EDA 2022, unpublished memorandum, 2024 WL 3390602, at *4 (Pa. Super. filed March 28, 2024); ***Commonwealth v. Kelly***, No. 1421 EDA 2021, unpublished memorandum, 2022 WL 2914335, at *1 (Pa. Super. filed July 25, 2022); ***Commonwealth v. Manley***, Nos. 1020 EDA 2021, 1021 EDA 2021, and 1022 EDA 2021, unpublished memorandum, 2022 WL 368275 at *4 (Pa. Super. filed February 8, 2022). ***See also Commonwealth v. Hill***, No. 297 EDA

2025, unpublished memorandum, 2025 WL 3641944, at *4 (Pa. Super. filed

December 16, 2025).[2,3]

<u>Weight of the evidence</u>

Finally, Appellant argues that his guilty verdicts are against the weight

of the evidence.  For the reasons stated below, no relief is due.

As the trial court noted,

> [these] claim[s] fail for both preservation and specificity. Under
> Pa.R.Crim.P. 607(A), a challenge to the weight of the evidence
> must be raised before sentencing in a motion for a new trial or
> orally on the record; a weight claim first raised in a Rule 1925(a)
> statement is waived. [***See***, ***e.g.***, ***Commonwealth v. Gillard***,
> 850 A.2d 1273, 1277 (Pa. Super. 2004)]. Moreover, even if
> preserved, the Rule 1925(a) statement must identify the precise
> grounds for the alleged miscarriage of justice.    In

---

[2] The mere fact that in his appellate brief Appellant briefly touches upon some elements of some of his convictions is irrelevant to preservation.  ***See generally Commonwealth v. Williams***, 959 A.2d 1252 (Pa. Super. 2008). In any event, even if the challenge is somehow preserved, which it is not, Appellant's analysis is inadequate.  Appellant made no effort to discuss applicable law or link the facts to that law.  As a result, even if preserved, the claim would be waived for failure to develop a coherent legal argument. ***See generally Commonwealth v. Freeman***, 128 A.3d 1231 (Pa. Super. 2015). Indeed, the analysis is limited to rehashing some of his own testimony, capped with the following conclusion: "Given these undisputed facts, the Commonwealth failed to prove each and every element of for all crimes he was charged."  Appellant's Brief at 23.  Such conclusory statement highlights once again Appellant's inability to appreciate how sufficiency of the evidence claims should be raised and addressed and how they are reviewed by courts.

[3] We note with great concern that counsel for Appellant was counsel in the ***Adams***, ***Johnson***, ***Higgin***, ***Young***, ***Morales-Justiniano***, ***Kelly***, and ***Manley*** appeals, all of which have several common elements with the instant matter: (1) appellants were represented by the same counsel; (2) counsel raised sufficiency claims relying on the same boilerplate language; and (3) in all of the above appeals, the sufficiency claims were unsuccessful (waived) due to counsel's failure to adequately address them.

*Commonwealth v. Seibert*, 799 A.2d 54 (Pa. Super. 2002), the Superior Court held that a statement merely declaring that "[t]he verdict of the jury was against the weight of the credible evidence as to all charges" was "too vague to permit review" and resulted in waiver of the claim[s]. Here, [Appellant] neither presented a weight objection at trial nor sentencing nor did he file a post-sentence motion asserting such a challenge. Accordingly, the weight of the evidence claim[s] [are] waived.

Trial Court Opinion, 8/20/25, at 8 (unnumbered).

We agree with the trial court's analysis and conclusions. Accordingly, because the weight of the evidence claims were not properly preserved and developed, those claims are waived. *See Gillard*, *supra*; *Seibert*, *supra*. *See also Johnson*, *supra*, at *7; *Higgin*, *supra*, at *5; *Young*, *supra*, at *8.

For the foregoing reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/29/2026